McCORD, GUYTE P., Jr. (Ret.), Associate Judge.
William R. Lansford appeals from an order of the deputy commissioner denying his claim for TTD and medical benefits on the ground that he was not a “fireman” as defined in Section 112.191(l)(b), Florida Statutes (1983) and therefore not entitled to the presumption set forth in Section 112.18(1), Florida Statutes (1983). We affirm.
Lansford is employed by the Emergency Services Division in Broward County, Flor*846ida. The ESD is divided into three sections: 1) airport crash/fire, 2) fire and 8) emergency medical services (EMS). Lans-ford works in the EMS section as a paramedic. The claim arose after he suffered a heart attack while driving to work. After a brief hospitalization, he returned to work with no disability. He sought TTD benefits for the period between his attack and his return to work. The original theory of the claim was that the attack was caused by “unusual physical and emotional work activity” but at the hearing Lansford conceded that it was not compensable under this theory and propounded the sole factual issue of his identity or not as a “fireman.”
Section 112.18(1) provides that “any condition or impairment of health of any Florida ... fireman caused by ... heart disease or hypertension resulting in total or partial disability ... shall be presumed to have been accidental and to have been suffered in the line of duty unless the contrary be shown by competent evidence.” It was stipulated that Lansford was disabled during the relevant period due to hypertension/heart disease. Therefore, the issue was whether he was a “fireman,” defined by Section 112.191(l)(b) as:
[A]ny duly employed uniformed fireman employed by an employer, whose primary duty is the prevention and extinguishing of fires, the protection of life and property therefrom, the enforcement of municipal, county, and state fire prevention codes, as well as the enforcement of any law pertaining to the prevention and control of fires, who is a member of a duly constituted fire department of such employer, and not a volunteer fireman.
At the hearing on the claim, Lansford testified that his duties involve “[trying] to limit the loss of life. We try to assist anyone that is injured from any cause.” Other evidence adduced at the hearing showed that, as a part of these duties, EMS paramedics are called to all structural fires to treat fire victims or injured firemen. Paramedics do not, as a rule, enter the structure, but wait outside to assist the injured as they are removed. The skills test administered to firemen involves hoses, pumps, water pressure and fire equipment, while paramedics are tested on knowledge of medications and rescue techniques. Transfers within the ESD between the fire and EMS sections are available if the pertinent skills test is passed.
The deputy denied Lansford’s claim. He found that, because a “fireman” was statutorily defined as having the primary duty of extinguishing fires and protecting life and property therefrom and Lansford’s principal duty was medical care, he was not a fireman entitled to the presumption of Section 112.18(1). We agree.
The authorities cited by Lansford herein are not persuasive. In Daniels v. Division of Retirement, 389 So.2d 340 (Fla. 1st DCA 1980), the claimant was accepted as a firefighter as well as an emergency medical technician; there was no issue as to his identity.’ Similarly, Stanford v. Florida, Claim No. 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 (1977), aff’d. IRC (1978), involved a forest ranger who had the stated “regular” duty of fighting fires. Kanarr v. Broward County Board of County Commissioners, Claim No. 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 (1984) is factually on all fours with the instant case, but we decline to follow that decision.
The deputy in Kanarr relied on similarity of shifts and common bases of operations to classify the paramedic claimant as a fireman; he also relied on a finding that claimant’s primary duty was “the protection of life from fires and other causes of injury.” However, pursuant to section 112.191(l)(b), a fireman’s duties also include “the prevention and extinguishing of fires, the protection of ... property therefrom, the enforcement of municipal, county, and state fire prevention codes, as well as the enforcement of any law pertaining to the prevention and control of fires, who is a member of a duly constituted fire department ... and not a volunteer fireman.” The statute employs the conjunctive “and”, not the disjunctive “or”, indicating that a claimant must meet all of the *847criteria to qualify as a fireman. It was not contended in Kanarr, and is not contended here, that a paramedic shares with firemen the numerous other duties enumerated in the statute which are not concerned with the protection of life. Therefore, the deputy was correct in his conclusion that Lans-ford was not a fireman entitled to the presumption of Section 112.18(1).
Affirmed.
ERVIN and WIGGINTON, JJ„ concur.