PER CURIAM.
In this workers’ compensation appeal, the claimant contends that te deputy erred in refusing to extend the firefighter’s presumption statute, section 112.18(1), Florida Statutes (1987), to his claim. We affirm.
The claimant is a retired firefighter who served the City of Miami for twenty-six years. A physical examination of the claimant conducted before he began his service revealed no indication of heart disease. Fifteen months following his retirement, however, claimant suffered a heart attack. Claiming disability due to heart disease, claimant sought workers’ compensation benefits. The claimant and the City of Miami, the self-insured employer, submitted a single issue for the deputy’s consideration: whether a retired firefighter who became disabled with heart disease after retirement could invoke the firefighter’s presumption statute. The deputy concluded that the Legislature did not intend to create a presumption applicable to anyone other than a presently employed fireman.
Section 112.18(1) provides:
Any condition or impairment of health of any Florida municipal ... fireman caused by tuberculosis, heart disease, or hypertension resulting in total or partial disability or death shall be presumed to have been accidental and to have been suffered in the line of duty unless the contrary be shown by competent evidence ....
In Lansford v. Broward County Board of County Commissioners, 485 So.2d 845 (Fla.1st DCA 1986), this court utilized the definition provided in section 112.191(1)(b) in a workers’ compensation appeal to determine that paramedics were not entitled to the presumption. We see no reason not to employ the same analysis in this case. Section 112.191(1)(b) provides that whenever used in this act, “fireman”
means any duly employed uniformed firemen employed by an employer ... who is a member of a duly constituted fire department ...
The plain meaning of the words “any duly employed uniformed fireman” con- *246 tamed in this section is that “a fireman” under the act must be in active service. Since section 112.191(1)(b) is unambiguous, we are compelled to hold that in order to invoke the presumption, one must be on active duty status when any condition or impairment caused by tuberculosis, heart disease, or hypertension is suffered. The statute offers no ground for any other construction, and therefore, the decision to entitle retired firefighters to the same privilege accorded those in active service rests with the Legislature.
As the claimant has chosen not to reserve the right to present evidence on the cause of his alleged disability apart from the presumption, the deputy’s dismissal of the claim is AFFIRMED.
SHIVERS, C.J., SMITH and WIGGINTON, JJ., concur.