Mr. James C. Crosland City Attorney, City of Plantation Suite 3600, First Union Financial Center 200 South Biscayne Boulevard Miami, Florida 33131-2338
Dear Mr. Crosland:
You ask on behalf of the City of Plantation substantially the following question:
Does a full-time paid firefighter who is employed by a governmental entity lose the presumption afforded in s. 112.18, F.S., if he also works as a volunteer firefighter for another governmental entity?
In sum, I am of the opinion:
A full-time paid firefighter who qualifies for the presumption afforded in s. 112.18, F.S., does not lose the presumption merely because he also performs services as a volunteer firefighter for another governmental entity.
Section 112.18(1), F.S., provides:
Any condition or impairment of health of any Florida municipal, county, port authority, special tax district, or fire control district fireman caused by tuberculosis, heart disease, or hypertension resulting in total or partial disability or death shall be presumed to have been accidental and to have been suffered in the line of duty unless the contrary can be shown by competent evidence. However, any such fireman shall have successfully passed a physical examination upon entering into any such service as a fireman, which examination failed to reveal any evidence of any such condition. Such presumption shall not apply to benefits payable under or granted in a policy of life insurance or disability insurance, unless the insurer and insured have negotiated for such additional benefits to be included in the policy contract.[1]
The presumption contained in s. 112.18(1), F.S., thus affects the burden of persuasion.[2] It relieves the claimant from the necessity of proving an occupational causation of the enumerated diseases and places on the employer the burden of proving that the disease or medical condition was caused by a nonoccupationally related agent.[3]
"Fireman" is not defined in s. 112.18, F.S. However, the First District Court of Appeal used the definition in s. 112.191(1)(b), F.S. 1989, to determine whether an individual was entitled to the presumption afforded by s. 112.18, F.S.[4] Section112.191(1)(b), F.S., defines the term "firefighter" as:
[A]ny full-time duly employed uniformed firefighter employed by an employer, whose primary duty is the prevention and extinguishing of fires, the protection of life and property therefrom, the enforcement of municipal, county, and state fire prevention codes, as well as the enforcement of any law pertaining to the prevention and control of fires, who is certified pursuant to s. 633.35, and who is a member of a duly constituted fire department of such employer, and not a volunteer fireman.
In Lansford v. Broward County Board of County Commissioners,[5]
the court held that an individual employed by the emergency services division in the county and assigned to duties as a paramedic was not entitled to the statutory presumption afforded by s. 112.18, F.S., since he did not meet all the criteria set \ forth in s. 112.191(1)(b), F.S.[6]
You state that the City of Plantation maintains a volunteer fire department. A number of the city's part-time volunteer fire-fighters are also full-time paid firefighters for other municipalities or counties who fully meet the criteria set forth in s. 112.191(1)(b), F.S. The firefighters are concerned, however, that they may lose the presumption to which they are entitled through their full-time employment if they volunteer their services to the City of Plantation.
However, unlike Lansford, each of the firefighters in the instant inquiry is a full-time uniformed firefighter employed by a governmental entity as specified by s. 112.18, F.S., whose primary duty is the prevention and extinguishing of fires, the protection of life and property, the enforcement of state and local fire prevention codes and the enforcement of laws pertaining to the prevention and control of fires. Each is certified pursuant to s. 633.35, F.S., and is a member of a duly constituted fire department. Thus, unlike Lansford, the firefighters in the instant inquiry fully meet the criteria set forth in s.112.191(1)(b), F.S., through their full-time employment as firefighters with another municipality or county.
The courts have stated that s. 112.18, F.S., "embodies the social policy of the state which recognizes that firemen are subjected during their career to the hazards of smoke, heat, and nauseous fumes from all kinds of toxic chemicals as well as extreme anxiety derived from the necessity of being constantly faced with the possibility of extreme danger."[7] Therefore, as a statute enacted in the public interest, s. 112.18, F.S., should be given a liberal construction.[8]
While volunteer firemen for the City of Plantation are not entitledto the presumption afforded by s. 112.18, F.S., by virtue of thoseservices, I find nothing in either s. 112.18 or s.112.191, F.S., which removes firemen who are otherwise fully entitled to the presumption in s. 112.18, F.S., simply because they also perform volunteer services. Rather I am of the opinion that the exclusion of volunteer firemen from the definition of firefighter was intended to exclude individuals who only perform firefighting services as volunteers.[9] Accordingly, I am of the opinion that a full-time paid firefighter who qualifies for the presumption afforded in s. 112.18, F.S., does not lose the presumption merely because he also performs services as a volunteer firefighter for another governmental entity.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 112.18(2), F.S., provides the governmental entities enumerated in subsection (1) of the statute are authorized to negotiate policy contracts for life and disability insurance to include accidental death benefits or double indemnity coverage which shall include the presumption that any condition or impairment of health of any fireman caused by tuberculosis, heart disease, or hypertension resulting in total or partial disability or death was accidental and suffered in the line of duty, unless the contrary be shown by competent evidence.
[2] Caldwell v. Division of Retirement, Florida Department of Administration, 372 So.2d 438, 440 (Fla. 1979).
[3] As a presumption, it may be rebutted by a showing that the condition of impairment of health was caused by a specific non-work related event or exposure. Caldwell v. Division of Retirement, Florida Department of Administration, supra.
[4] See, Smith v. City of Miami, 552 So.2d 245 (1 D.C.A. Fla., 1989).See also, Lansford v. Broward County Board of County Commissioners,485 So.2d 845 (1 D.C.A. Fla., 1986). At the time these cases were decided, s. 112.191, F.S., which relates to death benefits for firefighters, used and defined the term "fireman." The statute has been subsequently amended with the term "firefighter" substituted for the term "fireman." See, s. 3, Ch. 90-138, Laws of Florida, amending s. 112.191, F.S. Section112.191(1)(b), F.S. 1989, had defined "fireman" as:
[A]ny duly employed uniformed fireman employed by an employer, whose primary duty is the prevention and extinguishing of fires, the protection of life and property therefrom, the enforcement of municipal, county, and state fire prevention codes, as well as the enforcement of any law pertaining to the prevention and control of fires, who is a member of a duly constituted fire department of such employer, and not a volunteer fireman.
[5] 485 So.2d 845 (1 D.C.A. Fla., 1986).
[6] And see, Smith v. City of Miami, 552 So.2d 245 (1 D.C.A. Fla., 1989), in which the court held that the presumption established by s. 112.18, F.S., does not apply to a retired fireman.
[7] Caldwell v. Division of Retirement, Florida Department of Administration, 372 So.2d at 440-441.
[8] See, e.g., Department of Environmental Regulation v. Goldring,477 So.2d 532 (Fla. 1985); State v. Hamilton,388 So.2d 561 (Fla. 1980).
[9] House bill has been filed by Representative Feren for consideration during the 1993 legislative session. The bill would amend the definition of firefighter in s. 112.191(1)(b), F.S., to specifically include volunteer firefighters.