DAVIS, Judge.
Officer Patterson was injured at work in September 1994 in a simulated exercise to demonstrate restraint of prisoners. There was no dispute over the compensability of his injuries. He has a twelve percent permanent partial impairment. The sole issue in this appeal is the proper interpretation of section 440.15(3)(b)l., Florida Statutes (1993), which states that supplemental benefits must be paid if:
a. The employee has an impairment rating from the compensable injury of 20 percent or more as determined pursuant to this chapter;
b. The employee has not returned to work or has returned to work earning less than 80 percent of the employee’s average weekly wage as a direct result of the employee’s impairment; and
e. The employee has in good faith at-, tempted to obtain employment commensurate with the employee’s ability to work.
Officer Patterson argues that he is entitled to supplemental benefits under this section despite his impairment rating of less than twenty percent because the use of semi-colons indicates that the requirements of the statute are being stated in the disjunctive or as alternatives to one another. It was stipulated below that the claimant satisfied requirements (b) and (c).
We reject claimant’s interpretation on the grounds that it is at variance with the plain language of the statute. The use of the word “and” clearly indicates that all of the enumerated provisions must be satisfied to prove entitlement to supplemental benefits. The Florida Legislature’s Guideline for Bill Drafting at 91 confirms that the use of the word “and” indicates the Legislature’s intent to make all parts of the sentence applicable in the conjunctive. See also Florida BirthRelated Neurological Injury Compensation Assn. v. Florida Div. of Administrative Hearings, 686 So.2d 1349, 1355 (Fla.1997); Lansford v. Broward County Bd. of County Comm’rs, 485 So.2d 845, 846-47 (Fla. 1st DCA 1986).
Accordingly, the decision of the Judge of Compensation Claims denying supplemental benefits is AFFIRMED.
KAHN, J., and SMITH, Senior Judge, concur.