982 So.2d 736 (2008)
Tanya McGLADE, Appellant,
v.
STATE of Florida, Appellee.
Linda McGlade, Appellant,
v.
State of Florida, Appellee.
Nos. 2D06-2936, 2D06-2943.
District Court of Appeal of Florida, Second District.
April 25, 2008.
Rehearing Denied June 4, 2008.
*737 James Marion Moorman, Public Defender, and J.L. "Ray" LeGrande, Special Assistant Public Defender, Bartow, for Appellants.
Bill McCollum, Attorney General, Tallahassee, and Tonja Rene Vickers, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Chief Judge.
The State accused Tanya McGlade and Linda McGlade of practicing midwifery without a license following the death of a relative after the home birth of her child. See § 467.201, Fla. Stat. (2004). A jury convicted them of the charge. The McGlades raise several issues on appeal, but we find merit only in their assertion that the jury instruction defining the charged crime was inaccurate. This error compels us to reverse their convictions and sentences and to remand for a new trial.
Section 467.201(1) provides that "[p]racticing midwifery, unless holding an active license to do so," constitutes a third-degree felony. Midwifery is defined in section 467.003(8):
(8) "Midwifery" means the practice of supervising the conduct of a normal labor and childbirth, with the informed consent of the parent; the practice of advising the parents as to the progress of the childbirth; and the practice of rendering prenatal and postpartal care.
(Emphasis supplied.) Thus the statute contemplates that the practice of midwifery *738 comprises three necessary components: supervising labor and childbirth, advising as to the progress of childbirth, and rendering prenatal and postpartal care.
No standard jury instruction has been promulgated for this crime. Over the McGlades' objection, the trial court instructed the jurors as follows:
[T]he State must prove . . . the Defendant did engage in the practice of supervising the conduct of normal labor and child birth, with the informed consent of Mara McGlade, and/or did advise Mara McGlade as to the progress of the childbirth, and/or did render prenatal or postpartal care of Mara McGlade.
(Emphasis supplied.)
In the absence of a standard jury instruction, the trial court clearly attempted to craft a proper instruction by employing the statutory language. But the statute is written in the conjunctive; the instruction was in the disjunctive. See Patterson v. Union Corr. Inst., 697 So.2d 993 (Fla. 1st DCA 1997) (stating that the use of the word "and" clearly indicates that all of the enumerated provisions must be satisfied). The instruction as given may have misled the jurors to believe that it was unnecessary for them to decide whether the McGlades engaged in all three components of the practice. Cf. Small v. State, 889 So.2d 862, 864 (Fla. 1st DCA 2004) (reversing for a new trial where the instruction for battery on a pregnant woman did not require the jurors to determine whether the victim was pregnant and noting that the jurors likely would have believed that they did not have to decide this element of the crime). As instructed, then, the jury was permitted to convict the McGlades if it found that they engaged in only one component of midwifery.
A defendant is entitled to have the jury correctly and intelligently instructed on the essential and material elements of the crime with which she is charged. Chicone v. State, 684 So.2d 736, 745 (Fla.1996); Walters v. State, 710 So.2d 606, 607 (Fla. 2d DCA 1998). The State maintains that we should affirm on this issue because, it contends, it presented sufficient evidence of all three components of the practice of midwifery. But it is beyond our purview to find facts based on the evidence; that is the duty of the jury before whom the evidence is presented. Manifestly, in order to properly decide the question of guilt based on its factual determinations, the jury must be correctly instructed on the elements of the crime charged. It cannot be harmless error when the court fails to do so, particularly when the defendant objects to the instruction. See Scott v. State, 808 So.2d 166, 170-71 (Fla.2002).
Two of the McGlades' other issues relate to alleged errors during the trial that were not preserved for appellate review. These purported errors were not fundamental, and so we will not discuss them other than to observe that the McGlades may attempt to rectify them on retrial.
We reject the McGlades' assertion that they were entitled to a jury instruction on the defense that they were engaging in the free exercise of their religion. Although the McGlades offered proof that their involvement in the home birth was substantially motivated by their religious beliefs, they offered no evidence to demonstrate that the midwifery licensure law substantially burdened the exercise of their religion. See § 761.03, Fla. Stat. (2004). Therefore, we affirm on that point.
Reversed and remanded for a new trial.
SALCINES and DAVIS, JJ., Concur.