# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-4794
_____

ST. LUCIE FCRD and PGCS,

Appellants,

v.

FMIT, FLORIDA MUNICIPAL
INSURANCE TRUST,

Appellees.

_____

On appeal from an order of the Judge of Compensation Claims.
Keef F. Owens, Judge.

Date of Accident:  March 5, 2016.

December 10, 2018

PER CURIAM.

In this workers' compensation case, St. Lucie Florida Council for Resource Development and their current workers' compensation insurance carrier, PGCS Claim Services, together appeal an order of the Judge of Compensation Claims (JCC) denying their motion for indemnification/contribution from St. Lucie's prior workers' compensation insurance carrier, Florida Municipal Insurance Trust (FMIT). We affirm because this case is clearly controlled by *City of Clearwater v. Carpentieri*, 659 So. 2d 357 (Fla. 1st DCA 1995).

This case was prompted by an injured worker's second heart attack. At the time of his first heart attack (in 2015), Gerald Williams was a firefighter for St. Lucie County. FMIT provided workers' compensation coverage, and Williams went on workers' compensation leave, still employed and receiving full pay while he waited for approval of his disability pension.

By the time of Williams's second heart attack (in 2016), St. Lucie had changed carriers from FMIT to PGCS. When medical bills from the second heart attack were submitted to FMIT, FMIT declined to pay; when they were submitted to PGCS, PGCS began paying benefits under the pay-and-investigate provision of the Florida Workers' Compensation Law, section 440.20(4), Florida Statutes. PGCS later (within 120 days) denied compensability, arguing that the 2016 injury was not compensable because its compensability hinges on application of the presumption of occupational causation set forth in section 112.18, Florida Statutes, which does not apply if the employee was not a firefighter on the date of accident.

Appellants filed a motion for indemnification, seeking reimbursement from FMIT on the theory that Williams did not qualify as a firefighter for purposes of section 112.18 because he was not on "active duty status" on the 2016 date of accident. The JCC denied the motion, finding that Williams was indeed a firefighter on the 2016 date of accident, under *Carpentieri*.

Appellants now argue that they should not be on the risk for the 2016 injury because *Carpentieri* demands a consideration of "active duty status." We disagree. Simply put, *Carpentieri* refused to muddy the bright line drawn in *Smith v. City of Miami*, 552 So. 2d 245 (Fla. 1st DCA 1989), wherein we held that the presumption does not apply to people who retired from firefighting before their date of accident. Relying on *Smith*, *Carpentieri* held that an injured worker was still a firefighter even though on the date of his heart attack he was already using his accumulated leave in anticipation of retirement and had already applied for retirement and pension. *Carpentieri* is indistinguishable from the case at bar.

AFFIRMED.

ROBERTS, WETHERELL, and OSTERHAUS, JJ., concur.

2

---

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

---

George A. Helm, III, Lake Mary, for Appellants.

Alan D. Kalinoski, Lamar D. Oxford, and Eric J. Netcher of Dean, Ringers, Morgan & Lawton, P.A., Orlando, for Appellees.