CARROLL, DONALD K., Judge.
The appellant was charged with and convicted of the unlawful delivery of a barbiturate or central nervous system stimulant to one Kathy Driggers without a valid prescription therefor from a licensed physician or other practitioner, in violation of Section 404.02, Florida Statutes, F.S.A., and has appealed from his judgment of conviction and sentence, based upon a jury verdict.
The sole question presented for our determination in this appeal is whether the appellant was lawfully convicted of the crime charged in the absence of proof that the appellant knowingly delivered a drug proscribed by the said statute.
Section 404.02, Florida Statutes, F.S.A., reads in pertinent part as follows:
“The following shall be unlawful:
“(1) The delivering or causing to be delivered any barbiturate or central nervous system stimulant or other drug controlled by this chapter, except as provided in section 404.04, . . .
“(4) The actual or constructive possession or control of a barbiturate, central nervous system stimulant, or other drug controlled by this law by any person,
The appellant concedes that Section 404.-02 is silent as to knowledge or scienter.
*516 In his brief the appellant acknowledges that the proof in this cause was sufficient to show that the appellant, at the date and place charged in the information, delivered a certain capsule to one Kathy Driggers, which capsule contained a barbiturate or barbiturate derivative proscribed by Chapter 404, Florida Statutes; that the said delivery was not performed pursuant to a prescription or prescription refill authorizing the use of the said drug by Kathy Driggers.
The appellant contends rigorously that there was no proof adduced in this cause to show that the appellant delivered the capsule with knowledge that the capsule contained a barbiturate or barbiturate derivative. The appellee in its brief fails to refer us to any evidence of such knowledge in the record, but contents itself by contending that such knowldege is not an element of the crime described in Section 404.-02.
We think that the case at bar is controlled by our decisions in Frank v. State, 199 So.2d 117 (Fla.App.1967) and Rutskin v. State, 260 So.2d 525 (Fla.App.1972).
In Frank v. State, supra, the question of the necessity for proof of knowledge or scienter as an essential element of the crime of unlawful possession of a narcotic drug was squarely presented to this court. After reviewing the authorities we held:
“From the foregoing it appears to be established in this state that before one charged with unlawfully possessing narcotic drugs may be convicted, the State must establish beyond a reasonable doubt that the accused knew of the presence of the narcotic drugs on premises occupied and controlled by him, either exclusively or jointly with others. ...”
ij; % ‡ sjt sfs
“Proof of either actual or inferred knowledge by the accused that the contraband articles were on the premises occupied by him at the time they were discovered is an essential and indispensable element of the offense which must be established. Scienter constitutes a factual issue to be resolved by the jury upon proper instructions as to the legal principles pertinent to its consideration. This is not a mere technicality in the law, but a legal principle which must be observed in order to safeguard innocent persons from being made victims of unlawful acts perpetrated by others, and of which they have no knowledge. It is a safeguard which must be preserved in the interest of justice so that constitutional rights of our citizens may be preserved.”
In the case at bar, of course, the State failed to prove the appellant’s knowledge or scienter, much less beyond a reasonable doubt.
In the recent case of Rutskin v. State, supra, we followed the principles announced in the Frank case, supra, and reversed the judgment of conviction because of the lack of proof that the appellant, Rutskin, had knowledge or scienter of the contents of an unopened mail parcel seized in his apartment. We reversed the judgment of conviction for possession of marijuana because the evidence was insufficient to show that Rutskin knew about the marijuana found on the premises.
Upon the authority of the Frank and Rutskin decisions, supra, and the foregoing reasoning, we reverse the judgment appealed from herein, and remand the cause with directions for further proceedings consistent with the views hereinabove set forth.
Reversed and Remanded with directions.
SPECTOR, C. J., and RAWLS, J., concur. .