273 So.2d 394 (1973)
STATE of Florida, Petitioner,
v.
Stephen Douglas MEDLIN, Respondent.
No. 42869.
Supreme Court of Florida.
February 14, 1973.
*395 Robert L. Shevin, Atty. Gen., and A.S. Johnston, Asst. Atty. Gen., for petitioner.
William C. Owen, Sp. Asst. Public Defender, for respondent.
BOYD, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, First District, reported at 265 So.2d 515. Our jurisdiction is based on conflict between the decision sought to be reviewed and Broic v. State,[1] La Russa v. State,[2] and Simmons v. State.[3]
Defendant, respondent herein, was charged with, and convicted of, the unlawful delivery of a barbiturate or central nervous system stimulant to a sixteen year old girl named Cathy Driggers, without a valid prescription in violation of Florida Statutes § 404.02, F.S.A. The evidence was undisputed that defendant did, in fact, meet Cathy Driggers at a service station in Greenville, Florida, gave her a capsule advising that it would make her "go up" and also gave her a pill to be taken when she came down from the high created by the capsule. It is also undisputed that Miss Driggers had no prescription authorizing her to take barbiturates and that at the time of defendant's arrest he had in his possession a bottle containing two capsules of the same type as the one delivered to Cathy Driggers. However, the DCA reversed his conviction on the grounds that there was no proof adduced to show that defendant delivered the capsule with knowledge that it contained a barbiturate or barbiturate derivative.
The Statute in question, § 404.02, provides in part:
"The following shall be unlawful:
"(1) The delivering or causing to be delivered of any barbiturate or central nervous system stimulant, or other drug controlled by this chapter, except as provided in section 404.04, ... .
* * * * * *
"(4) The actual or constructive possession or control of a barbiturate, central nervous system stimulant, or other drug controlled by this law by any person, ...."
The District Court of Appeal conceded that the foregoing statute is silent as to knowledge or scienter, but found it was nonetheless necessary to prove defendant's knowledge beyond a reasonable doubt that he delivered a drug proscribed by the statute. In support of this holding the District Court relied on Frank v. State[4] and Rutskin v. State.[5] Both of those cases involved convictions for unlawfully possessing narcotic drugs, but were based on constructive, as opposed to actual, possession of the drugs. In the Frank case, marijuana was found hidden in an apartment shared by defendant and another man. The defendant and his roommate had equal custody and control of the apartment and defendant denied knowledge of the presence of the marijuana in the apartment. In reversing the conviction, the District Court in the Frank case, stated:[6]
"Proof of either actual or inferred knowledge by the accused that the contraband articles were on the premises occupied *396 by him at the time they were discovered is an essential and indispensable element of the offense which must be established."
In the Rutskin case, supra, police officers with a search warrant entered defendant's apartment two minutes after a parcel containing marijuana was delivered. The District Court held that the evidence was insufficient to show that defendant had knowledge of the contents of the still unopened parcel.
Neither the Frank nor the Rutskin decisions are applicable to the factual situation presented in the instant case. Defendant admittedly had actual possession of the drug and obviously was aware that he had the drug in his possession. He admittedly delivered the capsule to the Driggers girl which contained the prescribed drug. Proof of these facts established defendant's guilt of the crime charged. The State was not required to prove intent to violate the Statute or defendant's specific knowledge of the contents of the capsule.
The Florida cases set out the rule that where a Statute denounces the doing of an act as criminal without specifically requiring criminal intent, it is not necessary for the State to prove that the commission of such act was accompanied by criminal intent.[7] It is only when criminal intent is required as an element of the offense that the question of "guilty knowledge" may become pertinent in the State's case.
In La Russa v. State, supra, a conviction of printing and publishing lottery tickets was upheld, as against the contention that the State had failed to prove intent on the part of the defendants that the lottery tickets were printed to be used in connection with the drawing or conducting of a lottery. The Court held:[8]
"It is well settled that as a general rule, acts prohibited by statute (statutory as distinguished from common law crimes) need not be accompanied by a criminal intent, unless such intent be specifically required by the statute itself, as the doing of the act furnishes such intent.
* * * * * *
"[T]he printer, by the act of printing the tickets, assists in the accomplishment of the evil the State seeks to eliminate  gambling by means of a lottery; and, we hold that such printer need not have the intent that such tickets be used in any specific lottery, nor need he have knowledge that the tickets are in any way connected with a presently active lottery, so long as they be proved by the State to be `lottery tickets'."
In Simmons v. State, a conviction of attempted statutory rape was upheld by this Court, stating:[9]
"This felony falls within the category of crimes `in which, on grounds of public policy, certain acts are made punishable without proof that the defendant understands the facts that give character to his act,' Commonwealth v. Murphy, 165 Mass. 66, 42 N.E. 504, 505, ... and proof of an intent is not indispensable to conviction. * * * If the defendant had had sexual intercourse with the prosecuting witness, she being at the time under eighteen years of age and of previous chastity, even without any assault upon her, it would not have been a part of the state's burden to prove any intent ..., and ignorance or mistake on the part of the defendant as to her age would have been no excuse. * * * By the same token lack of *397 knowledge of previous chastity would have been of no avail.
"The statute, denouncing the basic offense ... is silent as to the requirement of any specific intent and is not unusual in this respect. * * * we find the conclusion unavoidable that it would be necessary only that the state prove the celibacy, intercourse, the age and the former chastity. If these were established by testimony beyond a reasonable doubt the intent to transgress would be implied and the conviction justified."
To like effect are the decisions in State ex rel. Lanz v. Dowling[10] and Mills v. State.[11]
Defendant, in the instant case, is charged with the commission of the statutory offense of unlawfully delivering to another a barbiturate or central nervous system stimulant. Proof that defendant committed the prohibited act raised the presumption that the act was knowingly and intentionally done. Defendant then sought to prove lack of knowledge as to the nature of the drug delivered to Cathy Driggers. But the testimony of the Driggers girl, that he told her one capsule would make her "go up" and another pill was to be taken when she came down from the high, is evidence that defendant was aware of the nature of the drug involved. The proper arbiter was the jury.
To reiterate, the State was not required to prove knowledge or intent since both were presumed from the doing of the prohibited act. Defendant's attempt, by way of defense, to prove lack of knowledge was rebutted by the Driggers girl's testimony which the jury was entitled to accept over that of the defendant.
A case illustrating the rule is Broic v. State, supra, cited for conflict. In Broic, the defendant was convicted of possessing a marijuana cigarette. He contended that the State had failed to prove that he knowingly or intentionally possessed the drug because at the time of his arrest he was drunk. To bolster his defense, he further sought to establish that someone else could have planted the drug on his person at a time when he was in a drunken stupor. This Court found that the State was not required to prove intent as an element of the offense charged. The Court further found that the jury was the proper arbiter and was justified in rejecting the plea that defendant had been victimized.[12]
Accordingly, certiorari is granted, the decision of the District Court of Appeal is quashed and the cause remanded with directions to reinstate the verdict of the jury.
It is so ordered.
CARLTON, C.J., and ROBERTS, ERVIN, ADKINS, McCAIN and DEKLE, JJ., concur.
NOTES
[1] 79 So.2d 775 (Fla. 1955).
[2] 142 Fla. 504, 196 So. 302 (1940).
[3] 151 Fla. 778, 10 So.2d 436 (1942).
[4] 199 So.2d 117 (Fla.App. 1st 1967).
[5] 260 So.2d 525 (Fla.App. 1st 1972).
[6] Frank v. State, 199 So.2d 117, 121 (Fla. App. 1st 1967).
[7] 9 Fla.Jur., Criminal Law § 28 (1972).
[8] 142 Fla. 504, 509, 196 So. 302, 304 (1940).
[9] 151 Fla. 778, 782, 10 So.2d 436, 438 (1942).
[10] 92 Fla. 848, 110 So. 522 (1926).
[11] 58 Fla. 74, 51 So. 278 (1909).
[12] See also, Fla. Bd. of Pharmacy v. Levin, 190 So.2d 768, 771 (Fla. 1966), a proceeding under Fla. Stat. § 404.02(1), F.S.A., against a pharmacist for delivering a proscribed drug without a prescription, wherein the accused pharmacist's claim of mistake was rejected, this Court holding: "We find no error in the findings of the Board. * * * Whether the excuse offered by Levin was satisfactory to exonerate him of the ostensible violation was a matter peculiarly within the province of the members of the Board of Pharmacy."