STONE, Judge,
concurring specially.
I concur separately in order to address one aspect of the appellant’s brief. The appellant was convicted of the purchase of cocaine within 1,000 feet of a school (hereafter the schoolyard statute). The trial court gave the standard jury instruction on the schoolyard statute, which does not refer to a defendant’s knowledge of the presence or nature of the offending substance. The trial court denied a defense request for a statement in the instruction that the defendant must have knowledge of the presence of an illegal substance. The trial court had instructed the jury on the elements of simple purchase as a lesser included offense of the schoolyard statute. The charge on simple purchase, as given, included an instruction that the state must prove the defendant had knowledge of the presence of the illegal substance. The state does not challenge the appellant’s contention that a lack of knowledge “defense” may be raised to a charge of simple purchase of a controlled substance.[1] I note in that regard, that, here, the state is relying on presence of the cocaine as evidence of appellant’s guilt.
The state asserts, inter alia, that the wording of the schoolyard statute precludes an instruction on knowledge of presence of an illegal substance, even if presence is included in the instruction on the underlying offense of purchase. The state reasons that such a charge is not permitted because knowledge is not an element mentioned in the schoolyard statute.
In my judgment, a trial court should grant a party’s request that the court refer to the elements and applicable definitions of an underlying offense at the time the court gives instructions on the greater offense. I recognize that no “knowledge” element is set forth in the applicable standard jury instructions, on the lesser offenses of purchase or sale. The standard jury instructions on drug offenses only refer to “knowledge” as an element in the charges involving “possession.” Possession charges generally contain a specified element that the defendant have knowledge of the “presence” of a controlled substance. Also, a standard jury instruction “note” states, “if the defense seeks to show a lack of knowledge as to the nature of a particular drug, an additional instruction may be required. See State v. Medlin, 273 So.2d 394 (Fla.1973).” (emphasis added) The jury instruction note, however, makes no reference to knowledge of “presence.”
I do not address whether knowledge of presence was properly included in the instruction given on purchase, since it is not in issue. I concur in affirming appellant’s conviction because the trial court fully instructed the jury on the simple purchase offense. Here, any error in not repeating an aspect of the lesser charge at the time of the instruction on the schoolyard statute was harmless. State v. DiGuilio, 491 So.2d 1129 (Fla.1986).

. Here, the evidence shows that the defendant placed the cocaine in his mouth after receiving it from an undercover officer. It is also undisputed that he was buying a controlled substance, although he contends that by asking for a “dime” bag he was seeking marijuana, not cocaine.