FARMER, Judge,
concurring specially.
Hassoun was charged with purchasing cocaine within 1,000 feet of Dillard High *217 School, contrary to sections 893.13(l)(a)l, and (l)(e), Florida Statutes (1989). He had stopped his car and gestured to an undercover officer to approach the car. He told the officer “I want a dime,” to which the officer responded by giving him a clear plastic bag containing rock cocaine. He gave the officer a $10 bill, and ten to twenty seconds later (or so) he was arrested attempting to swallow the cocaine, which he spat out into the officer’s hands.
At his trial he testified that when he said “I want a dime,” he meant marijuana, not cocaine. He then requested a jury instruction to the effect that knowledge is an element of the offense of purchase of cocaine under both of the statutes charged, but the court instead gave the standard instruction under section 893.13(l)(e), which does not require knowledge. A verdict of guilty was later returned.
Sections 893.13(l)(a)l and (l)(e)[2] are identical, except for the “schoolyard” element. In particular, subsection (l)(a) says:
it is unlawful for any person to sell, purchase, manufacture, or deliver, or to possess with intent to sell, purchase, manufacture, or deliver, a controlled substance.
Subsection (l)(e), in relevant part, says:
it is unlawful for any person to sell, purchase, manufacture, or deliver, or to possess with the intent to sell, purchase, manufacture, or deliver, a controlled substance.
and proceeds to add the “schoolyard” element. Because identical language was used, both of these provisions should be read in the same way as to the knowledge issue.
In State v. Medlin, 273 So.2d 394 (Fla.1973), the supreme court considered a conviction where the defendant gave another person a capsule that would make her “go up” and, when arrested, had two other such capsules in his possession. He was convicted of violating a statute that made it unlawful to deliver any barbiturate except as permitted by the statute and of having actual possession of a barbiturate or any drug controlled by the statute. The statute lacked the words “knowingly”, “intentionally” and their equivalent. In substance, the statute was identical to section 893.13(l)(a) and (l)(f).
The court’s opinion addressed the problem as to when knowledge[3] is an essential element of a criminal statute. The court held:
The Florida cases set out the rule that where a Statute denounces the doing of an act as criminal without specifically requiring criminal intent, it is not necessary for the State to prove that the commission of such act was accompanied by criminal intent. It is only when criminal intent is required as an element of the offense that the question of “guilty knowledge” may become pertinent in the State’s case.
273 So.2d at 396.
Applying that principle of construction of criminal laws to the above statutes, I conclude that if the charge is, as here, simple purchase, then specific knowledge of the substance is not an element of the crime charged. If, on the other hand, the charge is possession with intent to purchase, then specific knowledge of the substance is an element of the crime charged. Thus, there is no entitlement to a specific knowl *218 edge instruction for a charge of simple purchase; but there is an entitlement to a specific knowledge instruction if the charge is possession with intent to purchase.
The difference is not in whether the charge is under subsection (l)(a), or instead under (l)(e) (the schoolyard statute), but whether the charge is simple purchase, as opposed to possession with intent to do one of the prohibited acts of selling, purchasing, manufacturing or delivery. The real meaning of the citation to Medlin in the note to the standard jury instructions, therefore, does not lie in whether a schoolyard is nearby, but in whether the defendant has put his general intent to do the act into question. Here, defendant did not deny that he intended to purchase a controlled substance. Instead he sought to prove that he really intended to purchase one controlled substance instead of another. Thus, his request for a specific knowledge instruction was properly denied.
To illustrate why he was not entitled to a jury instruction on guilty knowledge with that defense, defendant poses the question whether we would find an innocent purchaser of a used automobile with cocaine residue in the trunk guilty of purchasing or possessing the controlled substance. Defendant supposes too much. In that hypothetical, the purchaser’s defense is in the lack of a general intent to do the act charged, not a defense of lack of criminal knowledge of the precise substance found.
I also agree with the rest of the panel that our recent decisions in Kelly v. State, 593 So.2d 1060 (Fla. 4th DCA 1992) and Grissett v. State, 594 So.2d 321 (Fla. 4th DCA 1992), do not apply to this case. There is no evidence in this record that the cocaine sold was crack cocaine manufactured by the Sheriff. In fact the only record evidence on the subject is that the cocaine sold was taken from cocaine seized in a prior arrest of another person.
I thus concur in affirming the conviction. I also join in the remand to correct the sentence.

. All references to the statute in this opinion are to section 893.13, Florida Statutes (1989), because Hassoun’s purchase took place in October 1989. There does not appear to be any change in the text of the 1991 statutes for any of the provisions discussed in this opinion.

. In this discussion when I refer to the element of "knowledge”, I am of course referring to the concept of "guilty knowledge”, "criminal knowledge”, “scienter” or "mens rea". I distinguish this kind of knowledge from the more generalized kind of “knowledge” covered by the concept of general intent to do a certain act. The two kinds of "knowledge” are not the same thing in a criminal case, and should not be confused. See State v. Oxx, 417 So.2d 287, 290-91 (Fla. 5th DCA 1982). In a malum prohibi-tum crime, such as purchase or possession of a controlled substance, the state can be required, if the issue is raised, to prove the general intent to do the act charged, even though proof of "knowledge”, i.e. criminal intent or scienter or mens rea (or whatever formulation of the concept is used), is not required.