602 So.2d 1306 (1992)
Harry S. GREEN, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2078.
District Court of Appeal of Florida, Fourth District.
June 10, 1992.
Motions for Rehearing, Rehearing and Certified Question Denied September 10, 1992.
*1307 Richard L. Jorandby, Public Defender, and Cherry Grant, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Jacqueline Barakat, Asst. Atty. Gen., West Palm Beach, for appellee.
Motions for Rehearing, Rehearing In Banc and Certified Question Denied September 10, 1992.
FARMER, Judge.
The police stopped a car with its tag light out. Two men were in it. The passenger appeared to be under the influence of something. Both men were searched, but nothing was found. The driver, its owner, also consented to a search of the car. After a search which revealed nothing, one of the officers looked again, this time more comprehensively, and found a small ball of tinfoil under a plastic rim of molding along the floor near the driver's seat. He then nodded to his partner, indicating nonverbally to the other officer that he had found something. Without having been told anything, and most especially not having been told what was found, the driver said: "That's not my stuff." The tinfoil proved to contain three cocaine rocks.
Green, the owner/driver, was charged with simple possession of cocaine in violation of section 893.13(1)(f), Florida Statutes (1989). The evidence at trial was substantially as described above. The trial court denied defendant's motion for a judgment of acquittal. During deliberations the jury requested reinstruction on possession, which was granted. Later the court allowed, with the consent of all parties, a copy of the written instruction on possession to go into the jury room. The jury later returned a verdict of guilty.
On appeal, defendant argues that it was error to deny his motion for judgment of acquittal. He contends that there was no evidence to support a prima facie case of constructive possession. Conspicuously lacking, he argues, is any evidence that he *1308 had knowledge of the presence of the contraband.
Green was charged under section 893.13(1)(f), Florida Statutes (1991), which says:
It is unlawful for any person to be in actual or constructive possession of a controlled substance unless such controlled substance was lawfully obtained from a practitioner or pursuant to a valid prescription or order of a practitioner while acting in the course of his professional practice or to be in actual or constructive possession of a controlled substance except as otherwise authorized by this chapter. Any person who violates this provision is guilty of a felony of the third degree
* * * * * *
The text of section 893.13(1)(f) should be compared with section 893.135(1)(b)1.a, Florida Statutes (1989), which says in part:
Any person * * * who is knowingly in actual or constructive possession of, 28 grams or more of cocaine as described in s. 893.03(2)(a)4. or of any mixture containing cocaine, but less than 150 kilograms of cocaine or any such mixture, commits a felony of the first degree, which felony shall be known as "trafficking in cocaine." * * * [e.s.]
Section 893.135(1)(b)1.a thus makes guilty knowledge of the actual substance an element of the crime. State v. Dominguez, 509 So.2d 917 (Fla. 1987); Rubiano v. State, 528 So.2d 1262 (Fla. 4th DCA), cause dismissed, 534 So.2d 401 (Fla. 1988); State v. Ryan, 413 So.2d 411 (Fla. 4th DCA), rev. denied, 421 So.2d 518 (Fla. 1982).
In State v. Medlin, 273 So.2d 394 (Fla. 1973), the court explained the different burdens placed on the state in proving a prima facie case of violation of a criminal statute when there is a question of knowledge raised:
The Florida cases set out the rule that where a Statute denounces the doing of an act as criminal without specifically requiring criminal intent, it is not necessary for the State to prove that the commission of such act was accompanied by criminal intent. It is only when criminal intent is required as an element of the offense that the question of "guilty knowledge" may become pertinent in the State's case.
273 So.2d at 396.
When we refer to the element of "knowledge" in a criminal statute, we thus mean "guilty knowledge", "criminal knowledge", "scienter", or "mens rea". We distinguish this kind of specific knowledge from the more general kind of knowledge covered by the concept of the general intent to do a certain act. The two kinds of knowledge are not the same thing in a criminal case and should not be used interchangeably. See State v. Oxx, 417 So.2d 287, 290-91 (Fla. 5th DCA 1982).
Even in a malum prohibitum crime which lacks a criminal knowledge provision in the statute, such as possession of a controlled substance, the defendant can be entitled, if he puts his general intent in issue, to an instruction on the general intent to do the act charged, or his general knowledge of the act forming the basis for the charge. Medlin, 273 So.2d at 397; Oxx, 417 So.2d at 289, n. 2. Hence, even though there is a guilty knowledge element in section 893.135(1)(b)1., but not in section 893.13(1)(f), the standard jury instructions for both statutes contain the following:
If a person has exclusive possession of a thing, knowledge of its presence may be inferred or assumed. If a person does not have exclusive possession of a thing, knowledge of its presence may not be inferred or assumed.
The knowledge which may be inferred under this instruction is obviously the general knowledge to do the act, and not the guilty knowledge which is an element of the one offense but not the other.
The basis for inferring general knowledge in one kind of simple possession case but not in another comes from Frank v. State, 199 So.2d 117 (Fla. 1st DCA 1967). There the defendant was charged with possession of morphine and marijuana contrary to the following statute:
It is unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense, or *1309 compound any narcotic drug, except as authorized by this chapter.
199 So.2d at 118. The court traced that statute to the Uniform Narcotic Drug Law and recognized that decisions under the uniform law had inferred an element of knowledge of the presence of the drug. The inference presented no trouble in cases where the defendant had exclusive possession of the premises on which the drug was found. In cases of non-exclusive possession, however, the court found that decisions under the uniform law did not permit an inference of knowledge in the absence of evidence other than the mere fact of possession. 199 So.2d at 119-20. And so, the court concluded:
From the foregoing it appears to be established in this state that before one charged with unlawfully possessing narcotic drugs may be convicted, the state must establish beyond a reasonable doubt that the accused knew of the presence of the narcotic drugs on premises occupied and controlled by him, either exclusively or jointly with others. If the premises on which the drugs are found are in the exclusive possession and control of the accused, knowledge of their presence on such premises coupled with his ability to maintain control over them may be inferred. * * * If the premises on which the drugs are found is not in the exclusive but only in the joint possession by the accused, knowledge of the drugs' presence on the premises and the ability to maintain control over them by the accused will not be inferred but must be established by proof.
Frank ended with a reversal for a new trial in which defendant would be entitled an instruction on the presumption of knowledge. 199 So.2d at 121. Medlin relied directly on Frank.
The proper construction of these cases is this: If the legislature has omitted the requirement of guilty knowledge in the text of a statutory crime, then guilty knowledge is not an element of that crime, regardless of what the legislature has said in other statutes. Section 893.13(1)(f), the simple possession statute, is an example of such knowledge being omitted. On the other hand, where the legislature has expressly included guilty knowledge as an element of the crime, as it has done in the trafficking statute, section 893.135, then that knowledge must be proven by the state. Thus when the state need only prove the general intent to do the act, such as in a simple possession charge, it is entitled to an inference of general knowledge from mere evidence of the doing of an act.
The application of these principles may be illustrated by analyzing a trafficking case. In Murphy v. State, 511 So.2d 397 (Fla. 4th DCA 1987), the defendant was convicted of trafficking under section 893.135(1)(b)1., and appealed. A pouch containing both marijuana and cocaine had been found underneath the passenger seat of a car in which defendant had been riding. He argued for a judgment of acquittal, contending that there was no proof of guilty knowledge other than the fact that he, as passenger, was in possession of the car along with its owner/driver. In reversing his conviction, we said:
when contraband is found in a vehicle which is in the possession of two or more persons, circumstantial evidence of defendant's knowledge of the presence of the contraband must be consistent with the accused's guilt, inconsistent with innocence and must exclude every reasonable hypothesis except that of guilt. Harvey v. State, 390 So.2d 484 (Fla. 4th DCA 1980); Manning v. State, 355 So.2d 166 (Fla. 4th DCA 1978); D.J. v. State, 330 So.2d 35, 36 (Fla. 4th DCA 1976); Townsend v. State, 330 So.2d 513 (Fla. 4th DCA 1976).
There is no evidence, other than appellant's joint possession of the car for a short period of time that supports a finding of the presence of the contraband. This evidence alone is not sufficient independent proof of appellant's knowledge from which a jury might reasonably conclude that every reasonable hypothesis except that of guilt has been excluded.
511 So.2d at 399. As used in the above quotation, "appellant's knowledge" plainly refers only to the element of "guilty knowledge" in the trafficking statute. See also *1310 Harris v. State, 501 So.2d 735 (Fla. 3d DCA 1987).
The point is that trafficking possession cases are often inappropriate as governing precedent for simple possession cases, because the elements of the crimes are so different. In trafficking possession, we are concerned with guilty knowledge, while in simple possession we are concerned only with general knowledge to do the act charged. Defendant's arguments here are primarily based on trafficking possession cases.
A person is logically charged with knowing what one is carrying on one's person, or in a dwelling or vehicle which one owns and controls. That kind of constructive knowledge may be sufficient to establish the general intent to do the act and thus allow a prima facie case of simple possession of contraband to go to the jury. It would rarely, if ever, be sufficient to allow a case of trafficking possession to go to the jury.
Under State v. Law, 559 So.2d 187 (Fla. 1989), the burden is on the state to introduce competent, substantial evidence inconsistent with the defendant's theory of events. When a defendant moves for a judgment of acquittal, the evidence must be viewed in the light most favorable to the state. When the state's evidence fails to address every element of the crime charged, the court must grant the judgment of acquittal.
Here the state offered evidence that defendant was the both the owner and the driver of the vehicle. In addition, the state offered the evidence from the searching officer to the effect that when he discovered the tinfoil he gave merely a nod to his partner without saying anything. At that point, defendant blurted out: "That's not my stuff." This evidence was sufficient to create an inference of general knowledge for the state's case to survive a motion for judgment of acquittal and to allow the charge to go to the jury.
AFFIRMED.
STONE, J., concurs specially with opinion.
GLICKSTEIN, C.J., dissents with opinion.
STONE, Judge, concurring specially.
I do not agree with the part of the majority reasoning which distinguishes, as to either proof or permissible inferences, between "knowledge" of the presence of a substance in "simple" drug possession cases and the required proof of "knowledge" in trafficking cases. In my judgment, the legislature's intent is that the evidence required and permissible inferences are the same for both possession and trafficking by possession, but for the additional required proof of the weight of the drugs. I concur with the balance of the opinion, concluding that the trial court did not err in denying the motion for judgment of acquittal.
GLICKSTEIN, Chief Judge, dissenting.
I respectfully dissent. While I compliment my colleague on his scholarly analysis, in my view, appellant's statements and the attendant circumstances of his alleged uttering of them do not provide the necessary proof of knowledge for constructive possession.