GLICKSTEIN, Chief Judge,
dissenting.
I respectfully disagree with the majority’s conclusion that there was sufficient evidence of appellant’s intent to possess the controlled substance. Where the only proof of guilt is circumstantial, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence. State v. Law, 559 So.2d 187 (Fla.1989). In order to survive a motion for judgment of acquittal, the state must introduce competent evidence which is inconsistent with the defendant’s theory of events. Id. at 189.
In my view, the state failed to demonstrate that appellant knew the bag of cocaine was located under the driver’s seat; therefore, the trial court erred in denying his motion for judgment of acquittal. While knowledge of the presence of the contraband may be inferred when the accused is in exclusive possession of the premises on which the contraband is found, Murphy v. State, 511 So.2d 397 (Fla. 4th DCA 1987), appellant did not have exclusive possession of the truck at all relevant times. The registered owner of the truck had access to and possession of the truck forty-five minutes prior to the time appellant was driving it. Furthermore, because the bag was located under the driver’s seat and was completely obstructed from view, appellant would not necessarily become aware of the contraband simply by sitting in the truck. Therefore, the jury could not reasonably infer that appellant had knowledge of the cocaine merely because he was the driver at the time of the arrest. See Doby v. State, 352 So.2d 1236 (Fla. 1st DCA 1977) (although correctional officials found marijuana in the defendant’s wheelchair upon his return from furlough, the uncontradicted testimony demonstrated that a number of other inmates had access to the wheelchair out of his presence and the defendant would not have become aware of the contraband simply by sitting in the chair; therefore, the state's evidence failed to exclude the defendant’s reasonable hypotheses of innocence).
Because persons other than appellant had access to the vehicle shortly before he was stopped, knowledge of the presence of the contraband and appellant’s ability to maintain control over it could not be inferred, but was required to be established by proof.
Such proof may consist either of evidence establishing that the accused had actual knowledge of the presence of the contraband, or of evidence of incriminating statements and circumstances, other than mere location of the substance, from which a jury might lawfully infer knowledge by the accused of the presence of the contraband on the premises.
Murphy, 511 So.2d at 399.
The majority finds that the jury could infer appellant’s intent to possess the cocaine from his failure to give his correctly-spelled last name and date of birth when initially detained by the police officer. ■ Appellant testified at trial that he gave the officer an incorrect spelling because he was afraid she would discover his driver’s license was not valid. In A.S. v. State, 460 So.2d 564 (Fla. 3d DCA 1984), the court reversed the trial court’s finding that the defendant was in constructive possession of cocaine. The cocaine in question was found hidden inside a roll of toilet tissue in the glove compartment of his sister’s car, which he was driving at the time of arrest. The court held that the defendant’s attempt to flee from police to avoid a traffic stop and his expressions of interest and concern during the ensuing search of the vehicle and of “disappointment” after the drugs were discovered were insufficient to support a finding that he was in constructive possession of the contraband. Id. In the instant case, Appellant exhibited far less “guilty conduct” than the defendant in AN. *639 in that he gave absolutely no indication to the officer that he knew the cocaine was located under the driver’s seat. Cf. Green v. State, 602 So.2d 1306 (Fla. 4th DCA) (driver blurted out “that’s not my stuff” immediately after police noticed a small ball of tinfoil containing three rocks along the floor near the driver’s seat), rev. denied, 613 So.2d 4 (Fla.1992).