658 So.2d 1007 (1994)
Jerry Jay CHICONE, III, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2659.
District Court of Appeal of Florida, Fifth District.
December 2, 1994.
Rehearing Denied January 12, 1995.
*1008 James M. Russ of James M. Russ, P.A., and Terrence E. Kehoe of Law Office of Terrence E. Kehoe, Orlando, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Anthony J. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
THOMPSON, Judge.
Jerry Jay Chicone, III, was tried and convicted of possession of cocaine, a felony,[1] and possession of drug paraphernalia, a first degree misdemeanor.[2] He appeals the trial court's order withholding adjudication of guilt and the disposition imposed. We affirm the conviction and reverse the disposition.
Chicone argues that the trial court erred, first by not dismissing the information because neither count of the information alleged the essential element of knowledge, and, second, because the court did not instruct the jury that the state had to prove Chicone knew the substance he possessed was cocaine and knew that the object he possessed was drug paraphernalia. Chicone relies upon State v. Dominguez, 509 So.2d 917 (Fla. 1987) and Drain v. State, 601 So.2d 256 (Fla. 5th DCA 1992), however, these cases do not support Chicone's arguments.
In Dominguez, the defendant was charged with trafficking in cocaine, a violation of section 893.135(1)(b), Florida Statutes. Because the trafficking statute explicitly required knowledge, the Florida Supreme Court held that the state had to plead and prove that the defendant knew the substance was a controlled substance. Unlike the trafficking statute, the possession statute under which Chicone was charged does not require "knowing" possession of a controlled substance in order to obtain a conviction. State v. Ryan, 413 So.2d 411 (Fla. 4th DCA) (the state is not required to prove intent or knowledge in a simple delivery or possession of a controlled substance case), review denied, 421 So.2d 518 (Fla. 1982); State v. Medlin, 273 So.2d 394 (Fla. 1973).
In Drain, the only issue before this court was the proper interpretation to be given section 817.564(3), Florida Statutes, which makes it unlawful for any person to possess with intent to sell any "imitation controlled substance." This court held that the amended information entirely failed to adequately allege an offense pursuant to section 817.564 because the amended information failed to state several essential facts constituting a violation of the statute, including *1009 "the defendant's essential knowledge of the imitative character of the substance in question." Id. at 262. Unless the state alleged and proved that the defendant knew the substance was counterfeited, he could not be convicted. We reversed. Those are not the facts here. This case involves simple possession. The state neither had to prove, nor allege in its information, that Chicone knew the substance he possessed was cocaine, or that he knew the object he possessed was drug paraphernalia. Ryan, 413 So.2d 411; Medlin, 273 So.2d at 396. We affirm the ruling of the trial court.
The second issue raised by Chicone is similar to the first issue. Chicone argues that the trial judge should have read his special jury instructions. He proffered instructions that required the jury to find on the issue of "knowledge" that the substance possessed by Chicone was known to him to be cocaine and that the object he possessed was known to him to be drug paraphernalia in order for there to be a conviction. The trial court denied these instructions and gave the standard jury instruction for section 893.13(1)(f)[3] and section 893.147(1)[4] along with the standard jury instructions on reasonable doubt, which the trial judge read twice. Because "knowledge" of the nature of the substance or object possessed was not an essential element of either count, the trial judge refused to instruct the jury that the state had to prove that Chicone knew the substance was cocaine and that he knew the object was drug paraphernalia. The trial judge did not err. See Williams v. State, 591 So.2d 319 (Fla. 3d DCA 1991) (granting or denying a jury instruction is addressed to the sound discretion of the trial judge, and it is within the trial judge's discretion to deny a defendant's special instruction where the standard instructions adequately cover the issue). We affirm the trial court's denial of the special instructions.
The supplemental argument of Chicone, that the standard instruction does not adequately define "reasonable doubt," has been addressed and rejected by the Florida Supreme Court. In Brown v. State, 565 So.2d 304 (Fla.), cert. denied, 498 U.S. 992, 111 S.Ct. 537, 112 L.Ed.2d 547 (1990), abrogated on other grounds, Jackson v. State, 19 Fla. L. Weekly S215, 648 So.2d 85 (Fla. April 21, 1994), the court held that the standard reasonable doubt instruction, read in its totality, "adequately" defines "reasonable doubt" and does not dilute the quantum of proof required to meet the reasonable doubt standard. This ruling is supported by the Supreme Court's recent decision in Victor v. Nebraska, ___ U.S. ___, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994) which held that where, "taken as a whole," the instruction correctly conveys the concept of reasonable doubt to the jury, there is no constitutional violation.
We do, however, remand the case for resentencing. After his conviction, Chicone was scheduled for sentencing. At the sentencing hearing, the court orally announced that it was withholding adjudication and placing Chicone on one year of community control to be followed by three years of probation. The trial court orally announced several special conditions of probation and community control. The trial judge did not state to which count or both probation applied, or to which count or both community control applied. Subsequently, the court entered a written order which ordered that Chicone serve the same conditions of probation on each count, the sentences to run concurrently. Additional conditions not announced orally were also included in the written order. We reverse.
In this case, because the trial judge imposed an illegal sentence on the misdemeanor offense of possession of drug paraphernalia, and because the special conditions which were not orally announced were included in the written order, we quash the sentencing order and remand for resentencing and resolution of the discrepancies. Cleveland v. State, 617 So.2d 1166 (Fla. 5th DCA 1993).
Conviction AFFIRMED; Sentencing REVERSED.
HARRIS, C.J., and GRIFFIN, J., concur.
NOTES
[1] § 893.13(1)(f), Fla. Stat. (1991).
[2] § 843.147(1), Fla. Stat. (1991).
[3] Fla.Std.Jury Instr. (Crim.) 227.
[4] Fla.Std.Jury Instr. (Crim.) 245.