707 So.2d 771 (1998)
Oscar L. OLIVER, Appellant,
v.
STATE of Florida, Appellee.
No. 96-00309.
District Court of Appeal of Florida, Second District.
January 9, 1998.
*772 James Marion Moorman, Public Defender, Bartow, and Carol J.Y. Wilson, Assistant Public Defender, Clearwater, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Johnny T. Salgado, Assistant Attorney General, Tampa, for Appellee.
PARKER, Chief Judge.
Oscar L. Oliver appeals the order adjudicating him guilty of possession of cocaine and possession of drug paraphernalia, arguing that the trial court erred in refusing to give his special jury instructions. We agree and reverse.
In this case, the State charged Oliver with possession of a controlled substance and possession of drug paraphernalia, in violation of sections 893.13(6)(a) and 893.147(1), Florida Statutes (1995). The trial court provided the standard jury instructions on these charges, but denied Oliver's requested special jury instructions. Oliver's special jury instructions stated that to find the defendant guilty of possession, the jury would have to find that he was aware of the illicit nature of the substance or object he possessed.[1]
Oliver argues that the Florida Supreme Court's decision in Chicone v. State, 684 So.2d 736 (Fla.1996), is directly on point. In Chicone, the supreme court interpreted both section 893.13(6)(a) and section 893.147(1) as necessarily including a scienter requirement (i.e. the element of "guilty knowledge"). See id. at 738, 743-44.
In addressing the jury instructions for the two possession crimes, the Chicone court concluded that the standard instructions do not contain an adequate statement regarding the requisite, "guilty knowledge" element. Thus, the supreme court held:
While the existing jury instructions are adequate in requiring "knowledge of the presence of the substance," we agree that, if specifically requested by a defendant, the trial court should expressly indicate to jurors that guilty knowledge means the defendant must have knowledge of the illicit nature of the substance allegedly possessed.
Id. at 745-46.
Although the trial court did not have the benefit of the Chicone opinion when it ruled on Oliver's requested jury instructions, we conclude that the holding in Chicone must be applied to this case. Therefore, the trial court erred by failing to give the requested jury instructions. Moreover, the trial court's error in denying Oliver's special jury instructions was not harmless where lack of guilty *773 knowledge was Oliver's principal defense. The trial court's failure to instruct the jury on the essential elements of the crimes charged adversely affected Oliver's substantial rights and, therefore, cannot be regarded as harmless error. See Koltay v. State, 360 So.2d 802, 804 (Fla. 2d DCA 1978).
Reversed and remanded.
PATTERSON and NORTHCUTT, JJ., concur.
NOTES
[1] Regarding the possession of a controlled substance charge, Oliver requested the following special instruction: "Before you can find the Defendant guilty of possession of cocaine, you must find beyond all reasonable doubt that the Defendant had knowledge that the pipes contained cocaine." Regarding the possession or drug paraphernalia charge, Oliver requested a special instruction stating: "Before you can find the Defendant guilty of possession of paraphernalia, you must find beyond all reasonable doubt that the Defendant had knowledge that the pipes were in the cigarette pack."