YOUNG, ROBERT A., Associate Judge.
The appellant was charged with possession of cocaine and possession of paraphernalia. He was tried by a jury and found guilty. On appeal he contends that he was denied a fair trial because the trial court acceded to the prosecutor’s request, over defense counsel’s objection, to modify the standard jury instruction on the elements of possession. We agree and reverse.
At trial the appellant’s theory of defense was that he was unaware that his ear contained cocaine as residue on paraphernalia found in it. He explained this ignorance by saying that his car was overloaded with junk and trash in addition to most of his worldly possessions because he was at that time without a permanent residence. Furthermore, at least two other people had recently had ready and continued access to the car even though he was the only one in the ear at the time the paraphernalia was discovered. At the jury charge conference the prosecutor moved to modify the standard jury instruction on possession. The standard instruction has three elements: (1) that the defendant possessed a certain substance; (2) that the substance was a controlled substance; and (3) that the defendant knew of the presence of the substance (the “guilty knowledge” element). Fla. Std. Jury Instr. (Crim.) 300. *607 Based on Chicone v. State, 658 So.2d 1007 (Fla. 5th DCA 1994) (knowledge of nature of contraband not an essential element of crime of simple possession), the prosecutor convinced the trial court to delete the guilty knowledge element. The prosecutor misinformed the trial court that Chicone had been affirmed when in fact it was on review at the time of the appellant’s trial in May of 1996. Subsequently, in October of 1996, the supreme court quashed it. Chicone v. State, 684 So.2d 736 (Fla.1996).
In quashing the Fifth District’s opinion in Chicone, the supreme court held that guilty knowledge of the nature of the controlled substance was an element of the crime of simple possession of that controlled substance as defined in section 893.13(l)(f), Florida Statutes (1991),[1] and possession of paraphernalia as defined in section 893.147(1), Florida Statutes (1995). The supreme court further found that although the State was not required to expressly charge the guilty knowledge element in the information, Chicone, 684 So.2d at 744, the standard jury instruction adequately outlined all the elements, including the element that the defendant knew of the presence of the substance. Id. at 745. It is this latter holding that compels reversal in the case before us.[2]
At the appellant’s trial, the jury was clearly misled as to all of the elements the State had to prove beyond a reasonable doubt because the trial court only read to the jury the first two elements. In effect, the trial court instructed the jury as if the crime of possession of cocaine were a strict liability crime. This is not the law.
A defendant has the right to have a court correctly and intelligently instruct the jury on the essential and material elements of the crime charged and required to be proven by competent evidence. Gerds v. State, 64 So.2d 915, 916 (Fla.1953). When an instruction excludes a fundamental and necessary ingredient of law required to substantiate the particular crime, such failure is tantamount to a denial of a fair and impartial trial. See id.
Chicone, 684 So.2d at 745; see also Oliver v. State, 707 So.2d 771 (Fla. 2d DCA 1998) (failure to instruct jury on essential element of crime charged adversely affects defendant’s substantial rights and cannot be regarded as harmless error).
We reverse and remand for a new trial.
ALTENBERND, A.C.J., and BLUE, J., concur.

. This was the same crime the State charged the appellant with although the statute has since been renumbered to section 893.13(6)(a). Ch. 93-406, § 23, at 2951, Laws of Florida.

. The Florida Supreme Court also held that when a defendant specifically requests an instruction the State must prove that the defendant knew of the illicit nature of the substance and knew of the presence of the substance. It is then incumbent on the court to grant the request for the additional instruction. Chicone, 684 So.2d at 745-46. Because the appellant did not ask for such instruction at trial, the issue is not pertinent here.