728 So.2d 1189 (1999)
Victor LAMBERT, Appellant,
v.
STATE of Florida, Appellee.
No. 97-01349.
District Court of Appeal of Florida, Second District.
March 5, 1999.
Rehearing Denied April 6, 1999.
James Marion Moorman, Public Defender, and Brad Permar, Assistant Public Defender, Clearwater, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann Pfeiffer Corcoran, Assistant Attorney General, Tampa, for Appellee.
SALCINES, Judge.
Victor Lambert appeals his conviction for possession of cocaine. He asserts that the trial court's refusal to give his requested jury instruction was erroneous and was not harmless error. We agree and reverse.
Lambert was arrested on a single charge of illegal possession of cocaine, a third-degree felony. The seized cocaine consisted of a very small amount of residue inside a glass pipe. On February 5, 1997, the matter proceeded to a jury trial.
At trial, the State presented the testimony of the two officers who had arrested Lambert and the forensic chemist who had analyzed the residue. St. Petersburg Police Officer Antonio Gardner testified that at 3:20 a.m., on October 28, 1996, he and his partner were patrolling different areas of the city. While on patrol they saw a man, later identified as Lambert, lying on a three foot high cement wall. Officer Gardner approached Lambert and asked if he was okay. Lambert appeared startled, but then relaxed. Officer Gardner asked Lambert if he could search his fanny pack, and Lambert consented. When asked for consent to search his pockets, *1190 however, Lambert paused and then turned away. Officer Gardner then saw Lambert toss a brown bag to the ground. At that point, Lambert jumped the wall and tried to flee, but Officer Gardner grabbed Lambert. Lambert then retrieved the bag and tossed it away. The bag was recovered by Officer Gardner's partner.
The bag contained a glass pipe with visible residue inside the pipe. A forensic chemist testified regarding the tests he performed on the pipe, from which he concluded that it contained cocaine residue. On cross-examination, the chemist conceded that he was unable to obtain a weight for the residue and that he had used molecular amounts of cocaine to conduct the tests. The State rested, and Lambert moved for a judgment of acquittal which was denied. The defense presented no evidence.
Prior to and at the charge conference, the defense submitted a written request for a special jury instruction, which stated: "Before you can find the defendant guilty of possession of cocaine, the State must prove beyond a reasonable doubt that Lambert had knowledge of the presence of the substance and the substance that he possessed was known to him to be cocaine." The trial court denied the requested instruction, and the defense objected to the denial. The trial court ruled that it would use the standard jury instruction for possession of cocaine and charge the jury as follows:
Before you can find Mr. Lambert guilty of possession of cocaine, the state must prove the following three elements beyond a reasonable doubt: First, that Mr. Lambert possessed a certain substance; second, the substance was cocaine; and third, that Mr. Lambert had knowledge of the presence of the substance.
During the closing arguments, defense counsel strenuously argued that Lambert's knowledge that the residue inside the pipe was cocaine could not be assumed, asserting the State's failure to prove Lambert's knowledge of the illicit nature of the residue. Indeed, Lambert took the position that while he did possess a glass pipe, it could not be presumed that he knew that the small amount of residue was cocaine merely because he was in possession of the glass pipe. The jury found Lambert guilty as charged, after which a judgment and sentence were imposed.
In Chicone v. State, 684 So.2d 736 (Fla. 1996), the supreme court interpreted section 893.13(6), Florida Statutes (1995), pertaining to illegal possession of a controlled substance, as necessarily including a scienter requirement. With respect to the jury instruction on such guilty knowledge, the supreme court stated that "if specifically requested by a defendant, the trial court should expressly indicate to jurors that guilty knowledge means the defendant must have knowledge of the illicit nature of the substance allegedly possessed." Id. at 745. The supreme court, in Chicone, discussed previous decisions such as State v. Medlin, 273 So.2d at 394 (Fla.1973), which suggested that guilty knowledge must be shown in constructive possession cases but not in actual possession cases. However, the Chicone court did not distinguish between cases involving constructive possession and those involving actual possession when it required that upon request the trial court must deliver the special jury instruction on knowledge.[1]See Chicone, 684 So.2d 736. Thus, the holding in Chicone appears to be equally applicable to constructive as well as actual possession cases.[2]
Subsequent to the Chicone decision, this court applied a harmless error analysis to the denial of the requested instruction. See Oliver v. State, 707 So.2d 771 (Fla. 2d DCA 1998). In Oliver, this court found that the error could not be deemed harmless where a lack of guilty knowledge was the principal defense. On the other hand, this court affirmed *1191 a conviction in which the request for the instruction was denied, but the principal defense was that the disputed contraband was never possessed by the defendant. See Leaks v. State, 23 Fla. L. Weekly D1997, ___ So.2d ___, 1998 WL 536984 (Fla. 2d DCA Aug.26, 1998). Likewise, our sister court recently applied a harmless error analysis when the defendant's position at trial was that he was unaware that the illicit substance was concealed in a prison locker rather than the position that he was unaware that the illicit substance was cannabis. See Scott v. State, 722 So.2d 256 (Fla. 5th DCA 1998).
In this case, we conclude that the error cannot be deemed harmless because Lambert's position at trial was that the State failed to prove that he knew that the residue on the pipe was cocaine. Lambert did not challenge possession of the glass pipe on which the residue was found. In light of the foregoing, we are compelled to reverse the judgment and remand this matter for a new trial.
In doing so, we certify the following questions as being of great public importance with far reaching statewide consequences:
1. DOES CHICONE RECEDE FROM MEDLIN?

2. DOES CHICONE APPLY WHEN THE DEFENSE PRESENTS NO EVIDENCE?
3. DOES CHICONE CREATE A NEW ELEMENT TO THE CRIME OF POSSESSION OF A CONTROLLED SUBSTANCE?
Reversed and remanded for further proceedings consistent with this opinion.
THREADGILL, A.C.J., and WHATLEY, J., Concur.
NOTES
[1] Neither the supreme court's opinion in Chicone v. State, 684 So.2d 736 (Fla.1996), nor the Fifth District's opinion in Chicone v. State, 658 So.2d 1007 (Fla. 5th DCA 1994), indicate whether Chicone's offenses involved actual or constructive possession.
[2] At present, the standard jury instructions indicate that such an instruction should be given, upon request, in constructive possession cases, but is silent regarding actual possession cases. See Standard Jury Instructions in Criminal Cases, 697 So.2d 84, 86 (Fla.1997).