CASANUEVA, Judge.
John Henry Rogers appeals his conviction for possession of cocaine.[1] During his jury trial, he requested an instruction based on Chicone v. State, 684 So.2d 736 (Fla.1996), that guilty knowledge is an essential element of the crime of possession of cocaine. Mr. Rogers correctly asserts that the trial court’s denial of the requested instruction was error. Accordingly, we reverse.
Following a lawful search incident to arrest, a law enforcement officer discovered a used stainless steel crack pipe in Mr. Rogers’s pocket. At trial the State presented evidence that Mr. Rogers stated that he had smoked crack cocaine in the pipe earlier in the day. A forensic chemist confirmed that residue found in the pipe was cocaine; however, the amount was not only too small to be weighed but also was invisible. Removing the residue from the pipe necessitated the use of a chemical solution.
Mr. Rogers testified that he had never used the pipe, which he had found, and never saw any drugs in it. Based on his testimony, Mr. Rogers sought a jury instruction that a defendant charged with possession of cocaine must know the illicit nature of the substance he allegedly possessed. In support of this request, the defense relied upon the Florida Supreme Court’s decision in Chicone, which held that the statutes criminalizing possession of a controlled substance necessarily include a scienter requirement. Accordingly, “if specifically requested by a defendant, the trial court should expressly indicate to jurors that guilty knowledge means the defendant must have knowledge of the illicit nature of the substance allegedly possessed.” Chicone, 684 So.2d at 745.
At the time of Mr. Rogers’s October 1999 trial, Chicone was clearly the law in this state. In a further refinement of the Chicone decision, this court held in Oliver v. State, 707 So.2d 771 (Fla. 2d DCA 1998), that failure to give the requested instruction could not be deemed harmless error where the defense was a lack of guilty knowledge. See also Lambert v. State, 728 So.2d 1189 (Fla. 2d DCA), rev. denied, 741 So.2d 1137 (Fla.1999) (reviewing the effect of Chicone and Oliver and holding that denial of the illicit knowledge instruction *46 was not harmless error in a cocaine possession case because the defendant’s theory of defense was that the State failed to prove that the defendant knew the residue in the crack pipe was cocaine).
Because Mr. Rogers’s testimony clearly placed the knowledge element at issue, the trial court erred in denying his requested instruction. This court reached a similar conclusion in Williamson v. State, 764 So.2d 22 (Fla. 2d DCA), rev. granted, 744 So.2d 457 (Fla.1999), in which we held that failure to give a requested Chicone instruction could not be considered harmless when the defendant claimed that he did not know what substance was in the bottle of pills he stole from a burglarized home.
Reversed and remanded for a new trial.
ALTENBERND, A.C.J., and GREEN, J., Concur.

. In this appeal, Mr. Rogers does not dial-lenge his conviction for aggravated assault.