DAVIS, Judge.
John Henry Rogers challenges his sentence for possession of cocaine. He argues that the sentence imposed after retrial was improper because it was more severe than the original sentence imposed. We agree and reverse.
Rogers was charged by information with aggravated battery and possession of cocaine. He was found guilty of both charges at a jury trial, and the trial court sentenced him to concurrent terms of four and one-half years’ incarceration. Rogers appealed his conviction for possession of cocaine, and this court reversed that conviction and remanded for a new trial. See Rogers v. State, 774 So.2d 45 (Fla. 2d DCA 2000).
Following this court’s decision, but prior to the retrial, Rogers wrote to the trial judge explaining that he had a drug problem and needed help. Upon retrial, Rogers was again found guilty of possession of cocaine. The trial judge then sentenced Rogers to two years’ community control to be followed by three years’ probation, consecutive to the prison sentence Rogers was serving on the aggravated battery charge. The trial court further provided that there could be no “early rollover” of the community control or early termination of the probation.[1] At the sentencing hearing, the trial judge stated:
I know that one of the things we had hoped to accomplish when I sentenced Mr. Rogers the first time — and I thought I said it at the time, apparently I didn’t, back in October of '99 when he was originally sentenced on this — this with [sic] help for a drug problem, I know there’s been no request for any type of mitigation with regards to the drug problem that there are — there is, or might be, and probably is, a drug situation here.
Accordingly, the trial court imposed the standard drug conditions as conditions of Rogers’ community control and probation. The conditions required a drug evaluation and treatment. The trial court also required that Rogers be subject to regular urine testing for drug usage during the supervision.
Upon the trial court’s pronouncement, Rogers’ attorney immediately objected, arguing that the sentence on retrial was more severe than the original and was a violation of the United States Supreme Court’s decision in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). However, the trial court denied the objections, and this appeal followed.
*463 Rogers argues that because the second sentence is more severe than the original, the presumption of vindictiveness outlined in Pearce applies and that there has been no showing of any conduct by Rogers since the original sentencing that would rebut that presumption. The State argues, however, that the consecutive community control/probation sentence is not more severe than the original concurrent prison sentence. The State suggests, moreover, that even if the sentence is more severe, the letter sent by Rogers is sufficient to rebut any presumption of vindictiveness. The State maintains that the sentence is not vindictive under Pearce because it is in response to Rogers’ letter and is intended to help him.
Pearce prohibits the imposition of a more severe sentence after a reversal on appeal on the theory that such sentences appear to be vindictive and have a chilling effect on the exercise of one’s right to appeal. Since vindictiveness is difficult to prove, Pearce created a presumption of vindictiveness that arises upon the imposition of the more severe sentence. However, if the reasons for the sentence affirmatively appear on the record and are based on “objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding,” then the presumption of vindictiveness is rebutted. Pearce, 395 U.S. at 726, 89 S.Ct. 2072.
Subsequent cases have held that the Pearce presumption does not apply to all factual scenarios involving a more severe sentence. Specifically, no presumption of vindictiveness arises where the first sentence follows a plea but the second sentence follows a trial because the trial judge has heard information at trial about the defendant and the circumstances of the offense that he did not have at the original proceeding. See Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). Likewise, when the second sentence is imposed by an authority that is unfamiliar with the first sentence, there is less likelihood of vindictiveness and the presumption does not apply. See Texas v. McCullough, 475 U.S. 134, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986).[2] Additionally, when the second sentence is imposed by the upper court in a two-tiered system which gives the defendant the right to a trial de novo upon conviction in the lower court, the presumption does not apply. See Colten v. Kentucky, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972).
Because this case does not present one of the specifically exempted factual scenarios, we must examine the record to determine whether there is a reasonable likelihood that this was a vindictive sentence. See Smith, 490 U.S. at 799, 109 S.Ct. 2201. First, we agree with Rogers that the second sentence is a more severe sentence. Had the trial judge imposed the original sentence, Rogers’ length of incarceration/supervision would have been concurrent to the sentence he was serving on the aggravated battery. Thus, the additional five years of supervision with the possibility of revocation and further incarceration is a more severe sentence.
Looking at the circumstances surrounding the imposition of sentence, we find there is a reasonable likelihood that vindictiveness was the motivation here. First, the same trial judge presided over both trials and imposed both sentences. The original conviction was reversed for judi *464 cial error.[3] Both the State and Rogers requested that the trial court reimpose the original sentence of four and one-half years’ incarceration concurrent with the sentence on the aggravated battery. And finally, there is nothing in the record indicating that new information regarding the defendant or his conduct had come to the trial court’s attention after the first sentence. The trial judge openly acknowledged that he was aware of Rogers’ drug problem at the time of the first sentencing and thought he had addressed it. Even though the trial court received Rogers’ letter after the reversal of the original conviction, the letter was, according to the trial judge’s statement, only a reminder of what he already knew.
Accordingly, we conclude that the Pearce presumption applies and that there is nothing in the record to rebut it. We do not necessarily conclude that the trial judge was vindictive. However, the circumstances of the case give rise to the presumption, and the sentence must be reversed.
Reversed and remanded for resentenc-ing.
PARKER and SILBERMAN, JJ., concur.

. "Early rollover” is the conversion of community control to probation prior to the expiration of the two years imposed.

. In McCullough, the sentencing authority was the trial jury. Thus, the fact that the second trial jury imposed a more severe sentence than the first was not likely to be vindictive since the second jury was unaware of the original sentence.

. The original conviction was reversed because the trial judge refused to give a necessary jury instruction requested by Rogers. See Rogers v. State, 774 So.2d 45 (Fla. 2d DCA 2000).