849 So.2d 385 (2003)
James S. KELLER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-2204.
District Court of Appeal of Florida, Second District.
June 13, 2003.
Rehearing Denied July 18, 2003.
*386 James Marion Moorman, Public Defender, and James T. Miller, Special Assistant, Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Sonya Roebuck, Horbelt, Assistant Attorney General, Tampa, for Appellee.
FULMER, Judge.
James S. Keller appeals his conviction for vehicular homicide, in violation of section 782.071(2), Florida Statutes (2000). We reverse and remand for a new trial because the trial court erred in denying Keller's request for special jury instructions.
Keller was the driver of a pickup truck that collided with a car driven by Chris Klueh. Klueh never regained consciousness after the collision and died from his injuries a few days later. Prior to the collision, which occurred after 9:00 p.m. on December 21, 2000, Keller had been drinking and driving erratically. There was evidence that his vehicle's headlights were not on at the time of the collision. He was traveling at approximately fifty-five miles per hour in a thirty-mile-per-hour zone. Keller's defense at trial was that Klueh was the sole proximate cause of the collision because Klueh made an illegal left turn into the path of Keller's oncoming vehicle.
Keller's passenger, Robert Douches, testified that just prior to the collision, he saw Klueh's oncoming car with its blinker on to indicate a left turn in front of Keller's truck. Officer Willmon of the Florida Highway Patrol investigated the collision and interviewed Keller, who stated that *387 Klueh was taking a left turn and Klueh's car pulled in front of Keller as he was driving straight down the road. Willmon determined that Klueh turned left into the path of Keller's oncoming vehicle and that Klueh had cut the corner of the intersection. There was some evidence that Keller attempted to brake at the last second. Willmon concluded, however, that the collision would not have occurred if Keller had not been speeding.
Keller presented an accident reconstruction expert witness, Dr. Ricardo Galdos, who testified that the collision occurred in Keller's lane of travel. If Klueh had turned left from the intersection, instead of cutting the corner and turning before the intersectionthat is, if Klueh had traveled another six feet before he turned the accident would not have occurred because Keller would have been past the intersection. Galdos gave his opinion that even if Keller had been traveling at the speed limit, the collision still would have occurred, and the collision was caused by Klueh violating the right of way.
At trial, the judge gave a special instruction on causation, which was requested by the State and which Keller now challenges on appeal. We reject Keller's argument on this issue because Keller did not object to the instruction below and the challenged instruction does not rise to the level of fundamental error.
Keller also challenges the trial court's denial of his request for special instructions detailing the traffic regulations governing the definition of an intersection, violation of the right of way by a vehicle turning left, and proper left turns in an intersection. See §§ 316.003(17), 316.122, 316.151(1)(b), Fla. Stat. (2000). The trial court refused to give Keller's requested instructions on the grounds that they were either not relevant or the relevance was outweighed by the potential for confusion of the jury.
In order to be entitled to a special jury instruction, a defendant must prove that the special instruction was supported by the evidence, was a correct statement of the law and was not confusing or misleading, and the standard instruction did not adequately cover the theory of defense. Stephens v. State, 787 So.2d 747, 756 (Fla.2001). In a vehicular homicide prosecution, evidence of a victim's negligence is relevant only if the victim's act was the sole proximate cause of the accident that caused the victim's death. See Nunez v. State, 721 So.2d 346, 347 (Fla. 2d DCA 1998) (citing Filmon v. State, 336 So.2d 586, 591 (Fla.1976)). Here, Keller presented an expert witness to support his assertion that Klueh caused the accident by turning left against the right of way.
Evidence of Klueh's negligent driving was properly admitted. The requested instructions were not confusing or misleading, and they were necessary in order for the jury to evaluate the evidence and determine whether Klueh did violate the traffic regulations concerning left turns against the right of way as Keller's expert had asserted. The requested instructions were relevant to the jury's task of deciding causation, and the standard instructions did not adequately cover the theory of defense. We reject the State's argument that the instructions were not necessary because the traffic regulations are a matter of common knowledge.
Because the special instructions were directly related to the question of proximate cause, which was central to the defense, we cannot say that error in denying the instructions was harmless. See Lambert v. State, 728 So.2d 1189 (Fla. 2d DCA 1999) (denial of special instructions not *388 harmless where instructions were relevant to principal defense).
Reversed and remanded for a new trial.
CASANUEVA, J., and THREADGILL, EDWARD F., Senior Judge, concur.