694 So.2d 78 (1997)
Thomas Lee JENKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 95-4072.
District Court of Appeal of Florida, First District.
April 18, 1997.
Rehearing Denied June 3, 1997.
Nancy A. Daniels, Public Defender; David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Amelia L. Beisner, Assistant Attorney General, Tallahassee, for Appellee.
*79 WEBSTER, Judge.
In this direct criminal appeal, appellant seeks review of his conviction for sale of cocaine within 1,000 feet of a school. He contends that the trial court committed reversible error when it refused his request to instruct the jury that he could be found guilty only if he knew that the substance he sold was cocaine. We agree and, accordingly, reverse.
At trial, the state presented a videotape of what it claimed was a cocaine purchase by an undercover deputy from appellant. In addition, the deputy positively identified appellant as the person from whom the purchase had been made. The substance allegedly purchased from appellant was admitted in evidence without objection. It had been tested at a Florida Department of Law Enforcement laboratory and determined to be cocaine.
Appellant took the stand in his defense, and admitted that he was on the videotape. He also admitted selling a substance which he represented to be cocaine. However, he testified that the substance had actually been a mixture of candle wax, baking soda and an over-the-counter toothache remedy. He said that he had from time to time attempted to pass this mixture off as cocaine to obtain money, which he would then use to purchase real cocaine to smoke. On cross-examination, he admitted that he had been smoking both cocaine and marijuana on the day of the transaction. He admitted, further, that he might have confused some of the real cocaine intended for his personal use with the counterfeit mixture, and mistakenly sold the former rather than the latter. However, he remained adamant that his intent had been to sell only the counterfeit mixture, and not any real cocaine.
Appellant requested that the trial court instruct the jury that, "[i]n order to find the defendant guilty of this chargef[,] you must find that he knew that the substance that was sold was in fact cocaine." The trial court denied the request. It then instructed the jury as follows regarding the offense with which appellant was charged:
Before you can find the Defendant guilty of the offense of sale of cocaine within 1000 feet of a public school the State must prove four elements beyond a reasonable doubt. One, the Defendant sold a controlled substance, to wit, cocaine in on or within 1000 feet of the real property comprising a Public or Private Elementary, Middle or Secondary School and the sale or delivery occurred between the hours of six o'clock a.m. and 12:00 a.m. Sale means to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value. Delivery or deliver means the actual constructive or attempted transfer from one person to another of the controlled substance whether or not there is an agency relationship.
Appellant was found guilty as charged by the jury. This appeal follows.
We conclude that the outcome of this appeal is controlled by the recent decision in Chicone v. State, 684 So.2d 736 (Fla.1996). Chicone was convicted of possession of cocaine and possession of drug paraphernalia, in violation of sections 893.13(1)(f) and 893.147(1), Florida Statutes (1991). On appeal, he argued, among other things, that the trial court committed reversible error when it refused his request "to instruct the jury that the State had to prove he knew the substance he possessed was cocaine and the object he possessed was drug paraphernalia." Id. at 738. The state contended that lack of guilty knowledge (i.e., knowledge that the thing possessed is illicit) is an affirmative defense in such cases and that, therefore, the burden is on the defendant to allege and prove a lack of such knowledge. The supreme court concluded that, although the statutes defining the offenses of which appellant had been convicted did not expressly require guilty knowledge, in the absence of a clear expression that guilty knowledge is not a necessary element of the offenses, it would presume that the legislature intended that it be an element. Accordingly, it held that guilty knowledge is an essential element of both possession of cocaine and possession of drug paraphernalia and that, therefore, the state was required to prove that Chicone knew that the substance he possessed was cocaine and that the object he possessed was *80 drug paraphernalia. It held, further, that Chicone was entitled to have the jury instructed, as he had requested, that the state was required to prove that he knew "the illicit nature of the substance allegedly possessed." Id. at 745-46 (footnote omitted).
Although Chicone involved drug possession offenses and the offense of which appellant was convicted proscribed drug sales, given the supreme court's rationale for its holding, this distinction does not appear to us to be a material one. Like the statutes defining the offenses of which Chicone was convicted, section 893.13(1)(c), Florida Statutes (1995), which defines the offense of which appellant was convicted, does not expressly require guilty knowledge. However, also like the statutes defining the offenses of which Chicone was convicted, section 893.13(1)(c) does not contain a clear expression that guilty knowledge is not a necessary element. Accordingly, we hold that, as in Chicone, guilty knowledge is an essential element of the offense of sale of cocaine within 1,000 feet of a school. See also Cohen v. State, 125 So.2d 560 (Fla.1960) (statute criminalizing sale of obscene material implicitly required state to prove knowledge of illicit nature of material sold). Therefore, upon request, appellant was entitled to have the jury instructed that he could not be found guilty of that offense unless it found that he knew the substance he sold was cocaine. Because the trial court denied appellant's request for such an instruction, we reverse and remand for a new trial.
REVERSED and REMANDED, with directions.
MICKLE and LAWRENCE, JJ., concur.