716 So.2d 313 (1998)
Julius RYALS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-0789.
District Court of Appeal of Florida, Fourth District.
July 29, 1998.
Rehearing Denied September 10, 1998.
*314 Richard L. Jorandby, Public Defender, and Louis G. Carres, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Aubin Wade Robinson, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant, convicted of delivery or sale of cocaine within 200 feet of a public park, contends it was error for the trial court to refuse his requested jury instruction that an element of the crime is knowledge by defendant that the substance delivered or sold was cocaine. It was error. See Chicone v. State, 684 So.2d 736 (Fla.1996) and Jenkins v. State, 694 So.2d 78 (Fla. 1st DCA 1997). We hold, however, that appellant has not demonstrated the error was prejudicial, as is his burden under section 924.051(7), Florida Statutes (Supp.1996). See Goodwin v. State, No. 97-2086, 1998 WL 158875 (Fla. 4th DCA Apr.8,1998).
An undercover police officer drove into a gas station in an unmarked car. Appellant, standing near the side of the premises, waved the officer over to where appellant was standing, then approached the driver's side of the car and asked, "What do you need?" When the officer replied, "a 20," street slang for a $20 piece of crack cocaine, appellant said, "wait, I'll get someone to serve you." The officer watched as appellant walked towards the gas station, made contact with co-defendant Wilson, took an object from Wilson, returned to the officer's car, and handed the officer a crack cocaine rock. In exchange the officer handed a marked twenty dollar bill to appellant who, in turn, handed the money to Wilson. Within less than a minute the "take-down team" moved in, arrested both appellant and Wilson, and recovered the marked twenty dollar bill from Wilson.[1]
Cocaine was asked for and cocaine was delivered and sold. No jury of reasonable persons could have concluded that appellant did not know the substance being delivered was cocaine. Not only has appellant failed to demonstrate prejudicial error, but also it is clear beyond a reasonable doubt that the error was harmless.
AFFIRMED.
WARNER and FARMER, JJ., concur.
OWEN, WILLIAM C., Jr., Senior Judge, concurs specially with opinion.
OWEN, WILLIAM C., Jr., Senior Judge, concurring specially.
If appellant had been charged with simple possession, I would certainly agree that proof of his knowledge of possession as well as his *315 knowledge of the illicit nature of the substance would have been required. See Chicone v. State, 684 So.2d 736 (Fla.1996), and the cases cited and discussed therein. I am not at all convinced that proof of knowledge of the illicit nature of the substance is a requirement in a case where sale or delivery is charged. To sell or deliver a substance is merely to fulfill a bargain earlier struck, the very essence of which, it seems to me, is knowledge of that which was bargained for. Where is the logic in saying that one who delivers or sells cocaine, after agreeing to do so, is entitled upon being prosecuted for such delivery or sale to have the state prove knowledge of the illicit nature of the substance? See Hassoun v. State, 599 So.2d 215 (Fla. 4th DCA 1992). Be that as it may, I agree the error (if any) was clearly harmless.
NOTES
[1] The only material conflict in the evidence related not to the nature of the illicit substance, but to the identity of the person who handed the cocaine rock to the undercover officer. The arresting officers' in-court testimony identified appellant as the person who handed the cocaine rock to the undercover officer, but his pre-trial deposition stated it might have been Wilson.