PER CURIAM.
Patrick Leaks was convicted of possession of cocaine, a third-degree felony,[1] and obstructing or opposing an officer without violence, a misdemeanor. On appeal, Leaks argues that the trial court committed reversible error by refusing his request to instruct the jury that the State had to prove Leaks knew the substance he possessed was cocaine. Given the facts of this case, we conclude the trial court’s denial of the requested instruction is harmless error and, therefore, affirm.
Leaks requested the following jury instruction: “Before you can find Patrick Leaks guilty of possession of cocaine, the State must prove beyond a reasonable doubt that Leaks had knowledge that the substance was cocaine and it is a controlled substance.” The trial judge denied Leaks’ request for the guilty knowledge instruction based on his belief that such an instruction was appropriate only for a constructive possession case. The trial judge concluded that this was an actual possession case rather than a constructive possession case because police officers testified that they saw Leaks drop a clear plastic bag which was later determined to contain crack cocaine.
The trial judge then gave only the standard jury instruction, which follows in pertinent part:
Before you can find the defendant guilty of possession of cocaine, the State must prove the following three elements beyond a reasonable doubt: One, Patrick Leaks possessed a certain substance. Two, the substance was cocaine. Three, Patrick Leaks had knowledge of the presence of the substance. To possess means to have personal charge of or exercise the right of ownership, management or control over the thing possessed.
Possession may be actual or constructive. If a thing is in the hand of or on the person, or in a bag or container in the hand of or on the person, or is so close as to be within ready reach and is under the control of the person, it is in the actual possession of that person. If a thing is in a place over which the person has control or in which the per *287 son has hidden or concealed it, it is in the constructive possession of that person. Possession may be joint; that is, two or more persons may jointly have possession of an article, exercising control over it. In that case, each of those persons is considered to be in possession of that article.
If a person has exclusive possession of a thing, knowledge of its presence may be inferred or assumed. If a person does not have exclusive possession of a thing, knowledge of its presence may not be inferred or assumed.
In Chicone v. State, 684 So.2d 736, 738, 743-44 (Fla.1996), the supreme court interprets section 893.13(6) as necessarily including a scienter requirement (i.e., the element of “guilty knowledge”). With respect to the jury instructions on guilty knowledge, the Chicone court held:
While the existing jury instructions are adequate in requiring “knowledge of the presence of the substance,” we agree that, if specifically requested by a defendant, the trial court should expressly indicate to jurors that guilty knowledge means the defendant must have knowledge of the illicit nature of the substance allegedly possessed. Id. at 745-56.
Id. at 745-56. Although Chicone does not discuss harmless error, we see no reason why a harmless error analysis should not be applied in determining whether a trial court’s refusal to give the requested instruction requires reversal. In a lengthy discussion leading up to its holding, the Chicone court focuses on the rationale for requiring that guilty knowledge be established in a simple drug possession case and cites with approval the following explanation in Frank v. State, 199 So.2d 117 (Fla. 1st DCA 1967):
Scienter constitutes a factual issue to be resolved by the jury upon proper instructions as to the legal principles pertinent to its consideration. This is not a mere technicality in the law, but a legal principle which must be observed in order to safeguard innocent persons from being made the victims of unlawful acts perpetrated by others, and of which they have no knowledge. It is a safeguard which must be preserved in the interest of justice so that the constitutional rights of our citizens may be preserved.
Leaks’ defense was that he had nothing in his hands other than one bottle of beer. He testified that he and about six others were standing around in front of a neighbor’s house when he saw the police driving in their direction. Leaks stated that he started walking toward his grandmother’s house and dropped his bottle of beer because he was underage. Two police officers testified that Leaks had a beer in one hand and a plastic bag in his other hand. Both officers observed Leaks throw down the plastic bag, which was retrieved and later determined to contain cocaine.
In this case, where the defense is that the disputed item was never possessed at all, we conclude that the failure to give a special instruction on guilty knowledge constitutes harmless error. Unlike cases such as Jenkins v. State, 694 So.2d 78 (Fla. 1st DCA 1997), where the defendant raised an issue as to the nature of the substance he admitted possessing, or Oliver v. State, 707 So.2d 771 (Fla. 2d DCA 1998), where the principal defense was lack of guilty knowledge, here, proof of knowledge of the illicit nature of the item in the baggie found by the police has no relevance to Leaks’ contention that he never had possession of a baggie. Consequently, Leaks was not prejudiced in his ability to defend or to present a defense by the absence of the requested instruction.
Accordingly, we conclude beyond a reasonable doubt that the trial court’s erro^ did not affect the jury verdict in this particular case. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
Affirmed.
ALTENBERND, A.C.J., and FULMER and CASANUEVA, JJ„ concur.

. § 893.13(6)(a), Fla. Stat. (1995): It is unlawful for any person to be in actual or constructive possession of a controlled substance unless such controlled substance was lawfully obtained from a practitioner or pursuant to a valid prescription or order of a practitioner while acting in the course of his professional practice or to be in actual or constructive possession of a controlled substance except as otherwise authorized by this chapter. Any person who violates this provision commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.