722 So.2d 256 (1998)
Bobby SCOTT, Appellant,
v.
STATE of Florida, Appellee.
No. 97-2333.
District Court of Appeal of Florida, Fifth District.
December 11, 1998.
*257 James B. Gibson, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Maximillian J. Changus, Assistant Attorney General, Daytona Beach, for Appellee.

ON REHEARING EN BANC
HARRIS, J.
We grant rehearing en banc and substitute the following opinion.
Scott appeals his conviction and sentence for possession of contraband in a correctional facility. We affirm his conviction but reverse for re-sentencing.
A random search of Scott's locker located in his cell revealed cannabis hidden inside his eyeglass case. He contends his conviction should be set aside because there was insufficient evidence to establish his exclusive possession of the cannabis or that he had knowledge that the cannabis was in his locker. We believe that there was sufficient evidence that Scott "possessed" the cannabis secreted in his eyeglass case found in his locker.
Scott also contends the court erred in not giving his requested instruction that in order to convict, the jury must find that Scott had knowledge of the illicit nature of the substance. While we agree that such instruction may be required by Chicone[1], we find that such error, if error there was, was harmless. Scott's position at trial was that he was unaware that the cannabis was concealed within his eyeglass case located within his locker and not that he did not know the substance thus concealed was cannabis. In his testimony, Scott claimed that someone broke into his locker, stole some jewelry, and planted the illegal substance in his eyeglass case.
In his motion for rehearing, Scott urges that we misapprehended the Chicone holding which made knowledge of the illicit nature of the item possessed an "element" of the offense as opposed to an affirmative defense. In other words, Scott contends that the burden was on the State to prove that Scott knew the substance was cannabis even if he did not raise the issue and thus his requested instruction concerning his knowledge of the illicit nature of the substance was required by Chicone. But in Chicone, possession was not challenged; the only issue presented for jury determination was whether the defendant was aware of the illicit nature of the thing possessed. Thus the supreme court has not yet decided whether a special instruction concerning defendant's knowledge is required if he challenges only his possession of the substance.
Chicone does not hold that knowledge of the illicit nature of the substance is an independent element of the charge for which a special instruction must always by given. Instead, the Chicone court recognized the authority of the legislature to determine the elements of a crime and adopted the view that since the legislature did not indicate otherwise, scienter (knowing the illicit nature of the substance) was implicit in the concept of possession (how can one knowingly possess an illegal drug unless one knows the substance possessed is an illegal drug?). For this reason, the court held that the standard jury instruction on possession is adequate unless the defendant requests a more specific instruction regarding knowledge of the illicit nature of the substance. However, we urge, implicit in the right to have the jury instructed on this more specific issue is the requirement that there be something before the jury that responds to the presumption or inference that the defendant is aware of the illicit nature of the substance created by the proof of possession of the substance.
*258 An argument that, "I didn't possess the substance but had I possessed the substance, I would not have known it was cannabis" is every bit as inconsistent as the argument: "I didn't deal in cocaine but if I did, I was entrapped." See Walker v. State, 701 So.2d 1258 (Fla. 5th DCA 1997). The jury would understand that to argue the alternative position, one must concede the former. In our case, Scott recognized this dilemma and chose not to argue the alternative position that he was unaware of the nature of the substance to the jury. Although this was sound defense strategy, since Scott chose to argue only that he did not possess the substance, was it reversible error not to instruct on a position he chose not to support, by way of explanation, to the jury?
And the State did prove, as it must prove all elements of an offense, that Scott knew the illicit nature of the substance by the operation of an unanswered presumption (or inference) raised by proof that he possessed the substance.
In State v. Medlin, 273 So.2d 394 (Fla. 1973), the supreme court held that proof that the defendant committed the prohibited act (delivery of a controlled substance) raised a rebuttable presumption that the defendant was aware of the nature of the drug delivered. Although Chicone places the burden of proof on the State to prove knowledge of the illicit nature of the contraband, it does not, at least expressly, overrule the Medlin presumption. Therefore, it appears that the defendant has the burden of going forward with an explanation as to why he was unaware of the illicit nature of the substance (man, I don't know what cannabis looks like) in order to overcome this presumption. In this regard, the defendant's obligation seems not unlike one found in possession of recently stolen property who must explain why he did not know the property was stolen. Section 812.022(2), Florida Statutes (1997); Currington v. State, 711 So.2d 218 (Fla. 5th DCA 1998); J.J. v. State, 463 So.2d 1168 (Fla. 3d DCA 1984). Scott's testimony that someone planted the cannabis in his locker, not believed by the jury, does not negate his knowledge of the illicit nature of the substance presumed by the jury's determination that he knowingly possessed the cannabis.
Even if under Chicone the court should have given the requested instruction, its failure to do so, when the presumption of Scott's knowledge of the illicit nature of the contraband was not explained during trial, is harmless error. In this case, unlike Chicone, there was no factual basis to create an issue as to whether Scott knew of the illicit nature of the substance in order to warrant the requested instruction.[2]
Because of Chicone, we certify the following questions as being of great public importance:
DOES THE ILLEGAL POSSESSION OF A CONTROLLED SUBSTANCE RAISE A REBUTTABLE PRESUMPTION (OR INFERENCE) THAT THE DEFENDANT HAD KNOWLEDGE OF ITS ILLICIT NATURE? IF SO, IF THE DEFENDANT FAILS TO RAISE THE ISSUE THAT HE WAS UNAWARE OF THE ILLICIT NATURE OF THE SUBSTANCE, IS HE NEVERTHELESS ENTITLED TO A CHICONE INSTRUCTION? CAN THE FAILURE TO GIVE THE REQUESTED INSTRUCTION BE HARMLESS ERROR?
The State concedes error in the score sheet and we remand for its correction and for re-sentencing.
AFFIRMED in part; REVERSED in part; and REMANDED for re-sentencing.
GRIFFIN, C.J., W. SHARP and PETERSON, JJ., concur.
*259 GOSHORN, J., concurs in result.
DAUKSCH, J., dissents in part; concurs in part, with opinion in which COBB, THOMPSON, and ANTOON, JJ., concur.
DAUKSCH, J., dissents in part; concurs in part.
I respectfully dissent.
Chicone has held that knowledge is an element of the offense of possession. Not to instruct the jury on an element of the offense cannot be harmless error, in my opinion. See, Williams v. State, 366 So.2d 817 (Fla. 3d DCA), cert. denied, 375 So.2d 912 (Fla.1979); Gerds v. State, 64 So.2d 915 (Fla.1953) (failure to correctly and intelligently instruct a jury as to each element of the offense which the state is required to prove cannot be treated with impunity under the guise of harmless error).
I concur with the majority decision to certify the question.
COBB, THOMPSON and ANTOON, JJ., concur.
NOTES
[1] Chicone v. State, 684 So.2d 736 (Fla.1996).
[2] While we agree with the result of Leaks v. State, 23 Fla. L. Weekly D1997, ___ So.2d ___, 1998 WL 536984 (Fla. 2d DCA Aug. 26, 1998), we have some concern with the opinion's use of the term "Leaks' defense" in relation to Leaks' position that he did not possess the cocaine. This may imply that the State has no requirement to prove the defendant's knowledge of the illicit nature of the substance even though Chicone has made such knowledge a portion of an element of the charge and not an affirmative defense. However, in Leaks as in our case, the Medlin presumption, unexplained, supplied the necessary proof. Thus, in Leaks and in this case the only issue is whether the requirement to give an instruction (if it is a requirement) concerning the defendant's knowledge of the illicit nature of the substance is subject to the harmless error rule.