PER CURIAM.
Darnell Gardner (“defendant”) appeals his conviction for sale of cocaine and possession with intent to sell. We reverse.
In the course of an undercover drug operation, the defendant was arrested and charged with the sale of cocaine and possession with intent to sell. A hidden video camera in an informant’s car recorded the defendant selling cocaine to the informant.
The defendant testified at trial that another individual, one Louis Mack (“Mack”), offered to pay him $10.00 to “make a deal.” The defendant eventually agreed to carry out the transaction when Mack told him the substance to be delivered was counterfeit soap. The defendant stated he did not believe the substance he sold was cocaine. The officer in charge of the undercover operation also testified that in his experience, soap was often sold as if it were cocaine.
At the conclusion of the testimony, defense counsel requested that the jury be specially instructed that the defendant could only be found guilty if he knew that the substance sold was cocaine. Defense counsel argued the standard instruction did not convey that the defendant must be aware of the illicit nature of the substance and, specifically, that it was cocaine. The standard instruction provides that the jury must find the defendant had “knowledge of the presence of the substance.” The trial court denied the request.
Where a defendant specifically asserts lack of guilty knowledge at trial, and requests a jury instruction that explains that guilty knowledge means knowledge of the illicit nature of the substance, the failure to provide such an instruction to the jury constitutes reversible error. See Chicone v. State, 684 So.2d 736 (Fla.1996); Oliver v. State, 707 So.2d 771 (Fla. 2d DCA 1998). Simply stated, the special instruction should have been provided because the defendant testified that he believed the substance he sold was counterfeit soap, not cocaine. The failure to provide the special instruction under these circumstances requires reversal. Accordingly, we reverse and remand for a new trial with instructions that the trial court grant the defendant’s request *842 for a special jury instruction on knowledge.
Reversed and remanded.