752 So.2d 1230 (2000)
Benny ROBERTS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-0721.
District Court of Appeal of Florida, First District.
February 21, 2000.
Rehearing Denied March 27, 2000.
Nancy A. Daniels, Public Defender, and Glenna Joyce Reeves, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and Terri Leon-Benner, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Benny Roberts appeals his conviction for sale or delivery of cocaine. He contends that the trial court erred by refusing his requested jury instruction on knowledge, and that there is a scrivener's error in the written judgment. After a careful study of the trial transcript, we find there was no genuine dispute on the issue of knowledge and, in light of all the evidence, we are satisfied beyond a reasonable doubt that the omitted instruction here was harmless. See Pratt v. State, 429 So.2d 366 (Fla. 1st DCA 1983); Gains v. State, 417 So.2d 719, 724-25 (Fla. 1st DCA 1982), disapproved on other grounds, State v. Kinchen, 490 So.2d 21 (Fla.1985); Ryals v. State, 716 So.2d 313 (Fla. 4th DCA 1998), review denied, 727 So.2d 910 (Fla.1998); cf. Gardner v. State, 742 So.2d 840, 841 (Fla. 3d DCA 1999) (finding that defendant's requested instruction on knowledge should have been provided where defendant's position at trial was that he believed the substance he sold was counterfeit soap, not cocaine).
We agree, however, that there is a scrivener's error in the written judgment and sentence. Appellant was convicted of sale or delivery of cocaine, not sexual battery. Accordingly, we remand for correction of the scrivener's error, but affirm in all other respects.
KAHN, J., and SHIVERS, DOUGLASS B., SENIOR JUDGE, CONCUR. BENTON, J., DISSENTS WITH OPINION.
BENTON, J., dissenting.
I would reverse for a new trial becausedespite defense counsel's requests, before and after she argued in closing for acquittal on grounds the state did not prove the defendant's knowledgethe trial court failed to instruct the jury that it must find the defendant knew that the substance was cocaine. See Jenkins v. State, 694 So.2d 78 (Fla. 1st DCA 1997). See also Chicone v. State, 684 So.2d 736, 741-42 (Fla.1996). Failure to instruct on every disputed element of a crime impermissibly takes from the jury part of its essential function. See Gerds v. State, 64 So.2d 915, 916 (Fla.1953); cf. Brown v. State, 661 So.2d 309 (Fla. 1st DCA 1995). Such errors are not harmless. See Croft v. State, 117 Fla. 832, 158 So. 454 (1935); Gardner v. State, 742 So.2d 840 (Fla. 3d DCA 1999); Lambert v. State, 728 So.2d 1189 (Fla. 2d DCA 1999), review denied, 741 So.2d 1137 (Fla.1999). But see Ryals v. State, 716 So.2d 313 (Fla. 4th DCA 1998), review denied, 727 So.2d 910 (Fla. 1998).