796 So.2d 1260 (2001)
James HAMPTON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-3174.
District Court of Appeal of Florida, Fourth District.
October 17, 2001.
*1261 Carey Haughwout, Public Defender, and David J. McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Maria J. Patullo, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant was convicted of possession of cocaine with intent to sell or deliver within 1,000 feet of a church. We reverse because the trial court did not instruct the jury that appellant had to have had knowledge of the illicit nature of the substance, required by Chicone v. State, 684 So.2d 736 (Fla.1996).
Appellant was observed by an officer holding a small bag and saying to another person "hey man, what do you need?" The officer then observed appellant show the other person the bag. As the officer walked toward appellant and identified himself, appellant dropped the bag and attempted to escape on his bicycle, but the officer was able to restrain him. Inside the bag which appellant dropped were four small bags each containing a single rock of crack cocaine.
In Chicone the Florida Supreme Court held that if a defendant requests an instruction that an element of the crime of possession of drugs is knowledge that the substance is illicit, such an instruction must be given. Appellant requested such an instruction in this case, but the court denied the request. We disagree with the state's assertion that the failure to give the instruction can be harmless.[1]
We accordingly reverse for a new trial. We have considered the other issues raised by appellant and find them to be without merit.
WARNER and SHAHOOD, JJ., concur.
NOTES
[1] Although we found the failure to give a Chicone instruction harmless in Ryals v. State, 716 So.2d 313 (Fla. 4th DCA 1998), we did so under the erroneous assumption that the burden was on the appellant to demonstrate that the error was prejudicial under section 924.051(7), Florida Statutes (Supp.1996). After Ryals the Florida Supreme Court held that the burden of demonstrating that error was not harmless was on the state. Goodwin v. State, 751 So.2d 537 (Fla.1999).