806 So.2d 582 (2002)
Erroll GARY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-1441.
District Court of Appeal of Florida, Fourth District.
January 30, 2002.
Carey Haughwout, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Donna L. Eng, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, J.
The appellant, Erroll D. Gary, was convicted of delivery of cocaine and sentenced to thirty years incarceration as an habitual felony offender. On appeal, Gary raises a number of issues. We find merit in his *583 contention that the trial court's denial of a Chicone instruction entitles him to reversal of his conviction and a new trial. The remaining issues raised are moot in light of the reversal.
In Chicone v. State, 684 So.2d 736 (Fla.1996), the supreme court held that guilty knowledge is an essential element of the crime of possession and that the State is required to prove that the defendant knew of the illicit nature of the substance possessed. While Gary was charged with delivery, not possession, this distinction is not significant as this court has held that "guilty knowledge" is also an element of the crime of delivery. See Ryals v. State, 716 So.2d 313 (Fla. 4th DCA), review denied, 727 So.2d 910 (Fla.1998), receded from on other grounds in Hampton v. State, 796 So.2d 1260, 1260 n. 1 (Fla. 4th DCA 2001); see also Jenkins v. State, 694 So.2d 78, 80 (Fla. 1st DCA 1997). Clearly, then, Gary was entitled to the requested Chicone instruction.
Until just recently, however, the more unsettled question was whether the failure to give a Chicone instruction could be harmless error under circumstances where, as here, the defendant's defense was not that he did not know of the illicit nature of the substance but, rather, that he never had the drugs in the first place. See Scott v. State, 722 So.2d 256 (Fla. 5th DCA 1998); see also Leaks v. State, 748 So.2d 285 (Fla. 2d DCA 1998). The supreme court has recently answered this question, certified by the Fifth District in Scott, and held that the failure to give such a requested instruction cannot be harmless error.
The State has the burden of proof in any prosecution to demonstrate each element of the offense beyond a reasonable doubt.... Since the jury is entitled to be instructed on the elements of the offense, it cannot be harmless error to fail to do so especially when the omission is brought to the attention of the trial court by the defendant.
... Moreover, the requirement that an instruction [that the defendant must have knowledge of the illicit nature of the substance] must be given does not depend on the defense espoused. Because knowledge of the illicit nature is an element of the crime and the jury must be instructed on each element of the crime, an instruction must be given even when the defendant simply requires the State to prove its case and offers nothing by way of an affirmative defense.
Scott v. State, 808 So.2d 166, 170-71 (Fla. 2002) (citations omitted).
In light of the supreme court's opinion in Scott, we reverse Gary's conviction and remand for a new trial.
REVERSED and REMANDED.
STONE and HAZOURI, JJ., concur.