832 So.2d 773 (2002)
Izel JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-2224.
District Court of Appeal of Florida, Fourth District.
July 3, 2002.
Rehearing Denied August 14, 2002.
*775 Carey Haughwout, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Gary K. Milligan, Assistant Attorney General, Fort Lauderdale, for appellee.
HAZOURI, J.
Appellant, Izel Jackson, was charged by information with delivery of cocaine during an undercover transaction that was alleged to have occurred on December 29, 2000. At the conclusion of a jury trial, appellant was convicted of delivery of cocaine and sentenced to fifteen years in state prison as a habitual felony offender.
Jackson appeals from his conviction and sentence and raises two points on appeal: 1) that the trial court erred in denying his requested jury instruction on knowledge of the illicit nature of a substance in a delivery of cocaine prosecution and 2) that the trial court erred in overruling his objection and in denying his motion for mistrial due to improper arguments made by the prosecutor during closing arguments. We reverse on both grounds and remand for a new trial.
During the jury charge conference, defense counsel sought a jury instruction that the state must prove that appellant knew the illicit nature of the substance he allegedly delivered. In support of this request, the defense relied upon the Florida Supreme Court's decision in Chicone v. State, 684 So.2d 736 (Fla.1996). The trial court's failure to so instruct the jury in the instant case resulted in reversible error. See Scott v. State, 808 So.2d 166 (Fla.2002).
In Scott, our supreme court reiterated its holding in Chicone that:
[g]uilty knowledge of the illicit nature of the possessed substance is an element of the offense of possession of a controlled *776 substance. The State has the burden of proof in any prosecution to demonstrate each element of the offense beyond a reasonable doubt. See Jackson v. State, 575 So.2d 181 (Fla.1991); Butler v. State, 715 So.2d 339 (Fla. 4th DCA 1998). Since knowledge is an element of the offense, the State has the burden of proving the defendant's possession was knowing. Moreover, the jury is entitled to be instructed on the elements of an offense. In Gerds. v. State, 64 So.2d 915 (Fla.1953), we held:
It is an inherent and indispensable requisite of a fair and impartial trial under the protective powers of our Federal and State Constitutions as contained in the due process of law clauses that a defendant be accorded the right to have a Court correctly and intelligently instruct the jury on the essential and material elements of the crime charged and required to be proven by competent evidence.
Id. at 916. See also State v. Delva, 575 So.2d 643 (Fla.1991). Since the jury is entitled to be instructed on the elements of the offense, it cannot be harmless error to fail to do so especially when the omission is brought to the attention of the trial court by the defendant.
Id. at 170-71. In its answer brief, the state acknowledges the Florida Supreme Court's decision in Scott but seeks to distinguish this case on the ground that appellant was charged with delivery not possession of cocaine.
Our court has rejected this distinction in the case of Gary v. State, 806 So.2d 582 (Fla. 4th DCA 2002). In Gary, the defendant was convicted of delivery of cocaine. This court reversed the defendant's conviction because of the trial court's denial of a requested Chicone jury instruction. We explained:
In Chicone v. State, 684 So.2d 736 (Fla. 1996), the supreme court held that guilty knowledge is an essential element of the crime of possession and that the State is required to prove that the defendant knew of the illicit nature of the substance possessed. While Gary was charged with delivery, not possession, this distinction is not significant as this court has held that "guilty knowledge" is also an element of the crime of delivery. See Ryals v. State, 716 So.2d 313 (Fla. 4th DCA), review denied, 727 So.2d 910 (Fla.1998), receded from on other grounds in Hampton v. State, 796 So.2d 1260, 1260 n. 1 (Fla. 4th DCA 2001); see also Jenkins v. State, 694 So.2d 78, 80 (Fla. 1st DCA 1997). Clearly, then, Gary was entitled to the requested Chicone instruction.
Id. at 583. Further, this court in Gary, citing Scott, held that the failure to instruct the jury on a requested Chicone instruction cannot be considered harmless error. Hence, the trial court reversibly erred in this case in denying appellant's requested jury instruction on knowledge of the illicit nature of the substance delivered.
Addressing appellant's second point on appeal, we note that during the state's case-in-chief, the primary witness against appellant was Detective Melvin Brimm. Brimm testified that he encountered appellant while working undercover on December 29, 2000. Brimm drove to a convenience store located at 401 N.W. 27th Avenue where he saw four or five black males standing around outside the convenience store. Brimm was driving an unmarked police car and dressed in plain clothes. Brimm asked the men, "Is anyone holding anything?" which is a common street phrase used to ask whether anyone is selling drugs. A man Brimm later identified at trial as appellant said, "I'll take care of you." As appellant walked across the street to a telephone booth, Brimm *777 transmitted to the "takedown team," which was waiting to make an arrest, a description of the clothing being worn by appellant. After concluding the drug transaction, Brimm drove away from the scene and then transmitted the signal to the arrest team.
Brimm was not a witness to the actual apprehension of appellant and did not see appellant again until his trial. When Brimm testified at trial, he made an in-court identification. During cross examination, defense counsel challenged the reliability of Brimm's identification. On cross examination, Brimm admitted that his testimony was based upon his report and that there was no physical description of appellant given in his report. He acknowledged that although he identified appellant in court, he was unable to do so upon being asked at a pretrial deposition.
In closing argument, the prosecutor argued to the jury that Brimm was in fact a critical witness in the state's case and the weight given to Brimm's identification of appellant in large measure depended upon the jury's belief in Brimm's credibility. In closing argument, the prosecutor made the following comment:
He's [Brimm] worked in narcotics interdiction, he testified, for the last ten years. That included his training, his arrests, and his ability to identify narcotics on the street level.
So we look atwe start with the very notion that this is Detective Brimm. He is the one that you focus on first. When you focus on Detective Melvin Brimm, I ask you, ladies and gentlemen, to think about this question.

What evidence was presented in this case that makes you believe Detective Brimm was incorrect, not what evidence is before you
(Emphasis added). Defense counsel objected and at sidebar the following colloquy occurred:
Defense counsel: Judge, at this point I'm moving for a mistrial. I believe Mr. Frein just shifted the burden about what evidence we would have to prove. Defense doesn't have to prove anything.
Prosecutor: That's why I didn't say they had to prove anything. I would never use those words.
Defense counsel: The inference is the burden is shifting to the defense.
The Court: No, he never shifted the burden. The motion for mistrial is denied. The objection is overruled. As long as counsel talks about what the evidence is, all he's talked about is what the evidence is. He hasn't shifted the burden.
Defense counsel: Not what the evidence did not show, there was no evidence that the defense did this or that, that's what the inference is. I don't want any mention of that.
Prosecutor: I didn't mention that. I wouldn't do that. I did not do that.
Appellant asserts that the trial court abused its discretion in denying his motion for mistrial. The state responds that the trial court was correct in its ruling because the prosecutor was only discussing what the evidence in the case consisted of, which was proper.
The standard when reviewing prosecutorial comments is set forth in Breedlove v. State, 413 So.2d 1, 8 (Fla. 1982), as follows:
Wide latitude is permitted in arguing to a jury. Logical inferences may be drawn, and counsel is allowed to advance all legitimate arguments. The control of comments is within the trial court's discretion, and an appellate court will not interfere unless an abuse of such discretion is shown. A new trial should be granted when it is "reasonably evident that the remarks might have influenced *778 the jury to reach a more severe verdict of guilt than it would have otherwise done." Each case must be considered on its own merits, however, and within the circumstances surrounding the complained-of remarks.
Id. (citations omitted). The supreme court explained the proper parameters of closing argument in Bertolotti v. State, 476 So.2d 130 (Fla.1985):
The proper exercise of closing argument is to review the evidence and to explicate those inferences which may reasonably be drawn from the evidence. Conversely, it must not be used to inflame the minds and passions of the jurors so that their verdict reflects an emotional response to the crime or the defendant rather than the logical analysis of the evidence in light of the applicable law.
Id. at 134. In Jackson v. State, 575 So.2d 181 (Fla.1991), the supreme court held that "the state cannot comment on a defendant's failure to produce evidence to refute an element of the crime, because doing so could erroneously lead the jury to believe that the defendant carried the burden of introducing evidence." Id. at 188.
In the instant case, the comment "[w]hat evidence was presented in this case that makes you believe Brimm was incorrect, not what evidence is before you" appears, despite the prosecutor's protestation to the contrary, to be a comment that shifts the burden to appellant to present evidence to show Brimm was incorrect. The state has the burden of proving that appellant was the perpetrator and the defense was that the state had not done that just on the basis of the testimony presented by the state. The prosecution's comment suggests that appellant has to present a witness to show that Brimm was incorrect in his identification of appellant. The trial court abused its discretion in overruling defense counsel's objection.
Having determined that the prosecutor impermissibly shifted the burden of proof, we must determine whether it was harmless error. State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986). The prosecutor relied heavily on Brimm's identification of appellant as the perpetrator and made Brimm's credibility a "focus" of his closing argument. In cross-examining Brimm, defense counsel raised serious questions about the reliability of Brimm's identification of appellant. Therefore, the state has failed to sustain its burden of proving that this error was harmless beyond a reasonable doubt.
Based upon the foregoing, appellant's conviction is reversed and the case is remanded for a new trial.
WARNER and STEVENSON, JJ., concur.