826 So.2d 440 (2002)
Roderick NORMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-1729.
District Court of Appeal of Florida, First District.
August 28, 2002.
Nancy A. Daniels, Public Defender; Fred Parker Bingham, II, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Kenneth D. Pratt, Assistant Attorney General, Tallahassee, for Appellee.
BENTON, J.
Roderick Norman appeals his conviction for sale or delivery of cocaine, contending that he was entitled to a jury instruction the trial court refused to give, which would have required the jury to find, in order to convict, that he knew that the substance that changed hands[1] was cocaine. The state argues that a statute enacted after the offense allegedly occurred,[2] governs the outcome of the appeal, and precludes reversal otherwise concededly *441 required by our supreme court's recent decision in McMillon v. State, 813 So.2d 56 (Fla.2002). We reject this contention as repugnant to article X, section 9, of the Florida Constitution, which prohibits retroactive application of statutes in criminal proceedings in these words: "Repeal or amendment of a criminal statute shall not affect prosecution or punishment for any crime previously committed." Accordingly, we reverse and remand for a new trial before a jury instructed in the manner the supreme court required in McMillon v. State, 813 So.2d 56, 58 (Fla. 2002).
The trial court denied trial counsel's request for an instruction requiring the jury to find (in order to convict) that the defendant must have known the transferred substance was cocaine. In making her request, defense counsel explicitly relied on our decision in Jenkins v. State, 694 So.2d 78, 80 (Fla. 1st DCA 1997) (reversing and remanding where trial court refused special instruction because "upon request, appellant was entitled to have the jury instructed that he could not be found guilty of that offense unless it found that he knew the substance he sold was cocaine"). In Jenkins, which anticipated the supreme court's decision in McMillon, we had applied the supreme court's reasoning in Chicone v. State, 684 So.2d 736, 737, 745-46 (Fla.1996) (holding that guilty knowledge is an element of possession of a controlled substance on which the defendant is entitled to a jury instruction), in a sale case. Subsequently, in Scott v. State, 808 So.2d 166, 170-72 (Fla.2002), the supreme court made clear that "[i]t is error to fail to give an instruction even if the defendant did not explicitly say he did not have knowledge of the illicit nature of the substance," and held the omission was not harmless, rejecting the view espoused in Roberts v. State, 752 So.2d 1230, 1230 (Fla. 1st DCA 2000), and Leaks v. State, 748 So.2d 285, 287 (Fla. 2d DCA 1998), in favor of the view expressed in Gary v. State, 806 So.2d 582, 583 (Fla. 4th DCA 2002). See also Jackson v. State, 27 Fla. L. Weekly D1557, D1557, ___ So.2d ___, ___, 2002 WL 1430482 (Fla. 4th DCA July 3, 2002) ("Further, this court in Gary, citing Scott, held that the failure to instruct the jury on a requested Chicone instruction cannot be considered harmless error."). Before Chapter 2002-258, Laws of Florida, took effect on May 13, 2002, the supreme court itself applied the reasoning in Chicone and Scott to a case involving the sale or delivery of cocaine. See McMillon, 813 So.2d at 58.
Here the state charged Mr. Norman with sale or delivery of cocaine occurring on November 8, 2000, after Chicone, Jenkins and Roberts had been decided, but before the supreme court's decisions in Scott and McMillon, which reaffirmed Chicone, approved Jenkins by implication, and disapproved Roberts, again by implication. The subsequent enactment of Chapter 2002-258, Laws of Florida, notwithstanding, the decision in McMillon controls in the present case. We recently explained:
Special care must be exercised in interpreting criminal statutes where subsequently enacted legislation is considered, because the Florida Constitution restricts legislative power by forbidding statutes that authorize sanctions, and proscribing the application of later enacted statutes that "affect prosecution," for conduct that has already occurred. See Art. X, § 9, Fla. Const. ("Repeal or amendment of a criminal statute shall *442 not affect prosecution or punishment for any crime previously committed."); State v. Smith, 547 So.2d 613, 616 (Fla. 1989); Booker v. State, 514 So.2d 1079, 1082-83 (Fla.1987); State v. Eldredge, 801 So.2d 965 (Fla. 4th DCA 2001); Rock v. State, 800 So.2d 298, 299 (Fla. 3d DCA 2001); State v. Miranda, 793 So.2d 1042, 1044 (Fla. 3d DCA 2001); Heath v. State, 532 So.2d 9, 10 (Fla. 1st DCA 1988).... [C]onstitutional restrictions on retrospective criminal statutes apply with full force to legislation explicitly purporting to nullify a judicial decision that has given a criminal statute a definitive gloss. See Smith, 547 So.2d at 616-17.
Pertinent in the present case is the state constitutional prohibition against applying a subsequently enacted statute in a way that "affect[s] prosecution ... for any crime previously committed." Art. X, § 9., Fla. Const. Under Article X, section 9, the "repeal or amendment of any criminal statute does not affect the prosecution or punishment for any crime previously committed." 15A Fla. Jur.2d Criminal Law § 2970 (2001).
The effect of this constitutional provision is to give to all criminal legislation a prospective effectiveness; that is to say, the repeal or amendment, by subsequent legislation, of a pre-existing criminal statute does not become effective, either as a repeal or as an amendment of such pre-existing statute, in so far as offenses are concerned that have been already committed prior to the taking effect of such repealing or amending law.

Raines v. State, 42 Fla. 141, 28 So. 57, 58 (1900). See Plummer v. State, 83 Fla. 689, 92 So. 222, 223 (1922) (dicta); Bradley v. State, 385 So.2d 1122, 1123 (Fla. 1st DCA 1980); State v. Pizarro, 383 So.2d 762, 763 (Fla. 4th DCA 1980) ("In fact, retroactive application of an amended or repealed statute affecting prosecution or punishment is unconstitutional. Article X, Section 9, Florida Constitution.").
Foster v. State, 27 Fla. L. Weekly D1360, D1362, ___ So.2d ___, ___, 2002 WL 1285453 (Fla. 1st DCA 2002) (footnotes omitted). The prospective effect of Chapter 2002-258, section 1, Laws of Florida, is not at issue in the present case, and we intimate no view on that subject. Because we ground our decision on Article X, section 9 of the Florida Constitution, without reaching the separate but related question whether application of the new statute retroactively would violate the ex post facto prohibition in Article I, section 10 of the Florida Constitution (or of Article I, section 9, clause 3 of the federal constitution), we need not (and so do not) address the precise effect of the decision in Roberts before that decision was abrogated by Scott and McMillon.
Reversed and remanded.
BOOTH and VAN NORTWICK, JJ., concur.
NOTES
[1] There was no evidence that the appellant ever had physical custody of the cocaine it was alleged he sold or delivered. But this circumstance is not controlling. See McMillon v. State, 813 So.2d 56, 58 (Fla.2002) (holding "the trial court's failure to grant McMillon's request for the specific jury instruction harmful error" despite his "actual possession"); Scott v. State, 808 So.2d 166, 170-71 (Fla.2002) ("Since the jury is entitled to be instructed on the elements of the offense, it cannot be harmless error to fail to do so especially when the omission is brought to the attention of the trial court by the defendant.").
[2] Creating Section 893.101, Florida Statutes, Chapter 2002 258, section 1, Laws of Florida, provides:

893.101. Legislative findings and intent.
(1) The Legislature finds that the cases of Scott v. State, Slip Opinion No. SC94701 [808 So.2d 166] (Fla.2002) and Chicone v. State, 684 So.2d 736 (Fla.1996), holding that the state must prove that the defendant knew of the illicit nature of a controlled substance found in his or her actual or constructive possession, were contrary to legislative intent.
(2) The Legislature finds that knowledge of the illicit nature of a controlled substance is not an element of any offense under this chapter. Lack of knowledge of the illicit nature of a controlled substance is an affirmative defense to the offenses of this chapter.
(3) In those instances in which a defendant asserts the affirmative defense described in this section, the possession of a controlled substance, whether actual or constructive, shall give rise to a permissive presumption that the possessor knew of the illicit nature of the substance. It is the intent of the Legislature that, in those cases where such an affirmative defense is raised, the jury shall be instructed on the permissive presumption provided in this subsection.