STONE, J.
Matthews, convicted of assault, appeals on the ground that the prosecutor made prejudicial comments during closing argument. We affirm.
At trial, both Matthews and her sister testified. During closing argument, the prosecutor said the following:
Now, let’s look at what the defense witnesses said.
And one of things you do, you’re gonna do is weigh the evidence and the judge will give you an instruction on weighing the evidence.
It is up to you to determine what evidence is reliable, what evidence you want to believe and what evidence you want to discard. It’s completely up to you.
Ladies and gentlemen, if you believe the defendant’s version and you believe *901 the defendant’s sister, find her not guilty. Find her not guilty.
If her version is logical, rational and makes sense in light of all the evidence, what you heard in court, find her not guilty.
The state would submit that that’s not logical.
That the evidence in this case, that all the evidence begs for a guilty verdict.
The control of comments is within the trial court’s discretion, and an appellate court will not interfere unless an abuse of such discretion is shown. Jackson v. State, 832 So.2d 773 (Fla. 4th DCA 2002). Attorneys have a degree of latitude in fashioning closing argument. Logical inferences may be drawn and counsel is allowed to advance all legitimate arguments. Thomas v. State, 748 So.2d 970, 984 (Fla.1999).
Here, the prosecutor’s comments were not improper. The prosecutor merely submitted to the jury a conclusion that could arguably be drawn from the evidence. According to the prosecutor, there were two different versions of what happened: one version supported by the evidence and a second version put forth by Matthews. The prosecutor essentially argued that Matthews’ version was not supported by the evidence and that the version supported by the evidence warranted a conviction. This was a fair comment and the trial court did not err in overruling Matthews’ objection.
SHAHOOD and GROSS, JJ., concur.