PER CURIAM.
In this direct appeal from conviction for sale or delivery of cocaine, Appellant raises several issues, only one of which merits discussion. Appellant contends that the trial court erred in failing to instruct the jury that in order to convict, the jury had to find that Appellant knew that the substance that changed hands was cocaine. We agree and reverse and remand for a new trial.
Appellant was alleged to havd sold or delivered cocaine within 200 feet of a public park on July 27, 2000. The date of the offense preceded the enactment of section 893.101, Florida Statutes, which provides that knowledge of the illicit nature of the controlled substance is not an essential element of a drug offense under chapter 893, Florida Statutes. Therefore, the trial court was required to give the requested instruction on the knowledge element. See Norman v. State, 826 So.2d 440, 440-41 (Fla. 1st DCA 2002). The trial court’s failure to properly instruct the jury on each of the elements of the offense mandates reversal and remand for a new trial before a jury instructed in the manner required by McMillon v. State, 813 So.2d 56, 58 (Fla.2002). See Norman, 826 So.2d at 440-41.
Accordingly we reverse Appellant’s conviction and sentence and remand for a new trial.
REVERSED and REMANDED.
BARFIELD, DAVIS, and PADOVANO, JJ., concur.