987 So.2d 184 (2008)
Dennis David BRISTOL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-4443.
District Court of Appeal of Florida, Second District.
July 18, 2008.
*185 Dennis David Bristol, pro se.
Bill McCollum, Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
Dennis David Bristol, pro se, challenges the postconviction court's denial of his Florida Rule of Criminal Procedure 3.850 motion in which he raised three claims of prosecutorial misconduct and four claims of ineffective assistance of trial counsel. The postconviction court summarily denied claims one through five and denied claims six and seven following an evidentiary hearing. We affirm the denial of claims one through three and five through seven without further discussion but reverse the summary denial of portions of claim four.
In claim four, Bristol argued that trial counsel was ineffective for failing to object to certain comments made by the prosecutor during closing argument. The postconviction court summarily denied this claim, concluding that the comments were not improper and that therefore counsel's failure to object to them did not amount to deficient performance.
Bristol argues on appeal that the postconviction court erred in summarily denying his claim that the prosecutor improperly shifted the burden of proof by making the following statement during closing argument: "So I'm going to ask you, the judge will instruct you to do so. *186 If you find the Defendant not guilty, what's the evidence? If you believe the officers, then find him guilty of all charges. And read through the laws."[1]
We agree that this statement can be interpreted as shifting to Bristol the burden of presenting some evidence that would establish that he is not guilty of the charged offense. See Jackson v. State, 832 So.2d 773, 778 (Fla. 4th DCA 2002) ("In the instant case, the comment `[w]hat evidence was presented in this case that makes you believe [Detective] Brimm was incorrect, not what evidence is before you' appears ... to be a comment that shifts the burden to appellant to present evidence to show Brimm was incorrect." (first alteration in original)). Furthermore, although the postconviction court concluded that this statement does not shift the burden of proof, it did not cite any authority or include any record attachments to refute Bristol's allegation that counsel was ineffective for failing to object to this comment. As such, we must reverse the postconviction court's summary denial of this claim and remand for the court to either attach record documents that will conclusively refute this claim or conduct an evidentiary hearing.
Similarly, the postconviction court summarily denied Bristol's claim that counsel was ineffective for failing to object to the prosecutor's statement during closing argument that one of the officers involved in the melee that led to Bristol's resisting with violence charge testified that he saw another officer get hit in the face. Specifically, the prosecutor said, "And he even told you with the branches he couldn't see all of it, but did see the swing across, saw the closed fist, saw boom, saw the fist hit, something did this." (Emphasis added.) In his rule 3.850 motion, Bristol alleged that the officer actually testified, "I never saw the fist connect with Detective Gonzalez's face or head, but I saw his head jar backwards, and he fell to the ground." Because the postconviction court denied this claim and failed to attach documents that conclusively refute Bristol's claim that counsel was ineffective for failing to object to what he alleges was a misstatement of the testimony by the prosecutor, we also reverse the court's summary denial of this claim and remand for the court to either attach record documents that will conclusively refute the claim or conduct an evidentiary hearing.
Affirmed in part and reversed in part.
KELLY and LaROSE, JJ., Concur.
NOTES
[1] We note that the record before this court does not include a transcript of the closing arguments delivered at Bristol's trial. However, because the postconviction court summarily denied Bristol's claims without record attachments, we must accept his allegations as true. See Harich v. State, 484 So.2d 1239, 1241 (Fla.1986) ("Because an evidentiary hearing has not been held on the ineffective assistance of counsel claims, we must treat [appellant's] allegations as true except to the extent that they are conclusively rebutted by the record.").